HENRY M. SHERMAN ET AL., EXECUTORS, *vs.* ALICE MOORE ET ALS.

Third Judicial District, New Haven, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, BEACH and BENNETT, Js.

In the absence of a provision in a will to the contrary, the amount of inheritance tax chargeable to legacies must be deducted from each legacy respectively, and the balance only paid to the legatee.

The succession tax is assessed on that property only which passes by will or by operation of law to the beneficiaries or heirs; and while a testator may undoubtedly provide that the taxes on one or more legacies shall be paid from the residue of the estate, thereby in effect increasing them, his intent so to do must clearly appear, and will not be inferred from vague and uncertain language.

A provision that certain specific legacies "be paid in full" in case the estate should not be sufficient to meet all of the gifts therein designated, means simply that those legacies shall have priority of payment over others, and does not disclose any intent to burden the residue of the estate with the payment of the succession tax assessed against them.

By the word "charges," in a clause providing for the disposal of the residuum "after the payment of all charges, debts, and particular bequests," is meant not the inheritance tax, but simply those testa-

Sherman *v.* Moore.

mentary expenses which, in addition to the debts, must be deducted from the gross assets in ascertaining the amount available for distribution, upon which alone inheritance taxes are laid.

Submitted on briefs January 19th—decided March 2d, 1915.

SUIT to determine whether the inheritance tax upon certain pecuniary legacies given by the will of Mary E. P. Sherman, late of Bridgeport, deceased, should be deducted from the amount of the several legacies respectively, or should be paid from the residuary estate, brought to and reserved by the Superior Court in Fairfield County, *Burpee, J.*, upon an agreed statement of facts, for the advice of this court.

Mrs. Sherman died December 25th, 1913, leaving an estate valued at substantially $750,000, and consisting, for the most part, of personalty, and a will with two codicils, all duly probated. In the first twenty-two paragraphs of her will she disposed of various personal belongings, and made cash gifts, amounting in the whole to $261,000, to several religious and charitable organizations, two cemetery associations, her intended husband, and a considerable number of individuals, including blood relatives, relatives of a former husband, children and sister-in-law of her intended husband, a nurse of her deceased father, and intimate friends. The gift to one of the cemetery associations was revoked by a codicil and a different gift made to it. The other cash legacies above referred to remained unaffected by the codicils, save that one was reduced in amount. The twenty-third paragraph of the will reads as follows: "It is my will that the foregoing devises, legacies and bequests shall be paid in full before any of the devises, legacies or bequests hereinafter made in this will are paid, and to the exclusion of those hereinafter made if my estate should not be sufficient to pay all of the devises, legacies and bequests aforesaid in full."

The following paragraph contained cash gifts, amounting to $22,000, to several societies and corporations carrying on religious, charitable, or public service work in Bridgeport. The twenty-fifth disposed of the residue of the testatrix's estate by dividing it equally among nine persons, all related to her by blood or marriage. By the first codicil her then husband was added to this group.

All the cash legacies contained in the paragraphs of the will preceding the twenty-third, to wit, those contained in the second, seventh, eighth, tenth, thirteenth, fourteenth, sixteenth, nineteenth, twentieth, and twenty-first, are subject to the payment to the State of an inheritance tax.

The question presented for the advice of the Superior Court is whether the plaintiffs, executors, should pay these cash legacies after deducting from each the amount of the inheritance tax chargeable under the laws of this State, or whether such legacies should be paid in full and the amount of such inheritance tax paid from the residuary estate.

*Arthur M. Comley,* for the plaintiffs.

*Alfred B. Beers,* for the defendants Leroy Leavenworth *et als.*

*Louis K. Gould* and *Robert H. Gould,* for the defendant William Perry Downs.

*Carl Foster,* for the defendant Josephine C. Mayer.

PRENTICE, C. J. In the absence of provision to the contrary in the testatrix's will, it would be the duty of the executors to deduct from the amount of the several legacies the amount of the inheritance tax properly

chargeable to each legacy respectively, and pay over to each legatee the balance.

Our Act "does not provide for the taxation of any property left by a decedent, nor of any person interested in his estate." *Hopkins' Appeal*, 77 Conn. 644, 649, 60 Atl. 657. The so-called tax is in the nature of a "death duty" taken from the estate in the custody of the law. It is levied upon that portion, and that only, of the estate which by operation of the law and its machinery will pass to beneficiaries designated by will or statutes regulating inheritance. The burden thus cast upon the estate, which is to devolve upon beneficiaries, must be borne by them. It is computed with reference to beneficial succession, and the natural and logical method of distributing it is by division among the beneficiaries in accordance with the benefits to be received by each. *Nettleton's Appeal*, 76 Conn. 235, 245, 246, 56 Atl. 565; *Gallup's Appeal*, 76 Conn. 617, 621, 624, 57 Atl. 699; *Hopkins' Appeal*, 77 Conn. 644, 649–651, 60 Atl. 657.

It is, however, competent for a testator to make a gift which shall not be subject to diminution by reason of a succession tax payment. The controlling consideration here, as everywhere, in the construction of wills, is the expressed intent of the testator. As the practical effect of a provision making a legacy or devise free of tax is to increase the gift, and to shift the burden which the legacy or devise would ordinarily bear on to the shoulders of the residuary beneficiaries, the intent of the testator to make such a gift will not be drawn from vague or uncertain language. It must clearly appear. *In re Horter's Estate*, 1 Pearson (Pa.) 424, 426; Dos Passos on Inheritance Tax Law (2d Ed.) § 61.

That portion of Mrs. Sherman's will which is chiefly relied upon as indicative of an intent on her part that the legacies in question should be paid free of tax is

the twenty-third paragraph. We find it impossible to gather from its language, whether read by itself or in the light of surrounding circumstances, the conviction that she had any thought in mind of succession taxes, or intent to make the legacies free of them. If the purpose of the paragraph was to provide for their payment out of the residue, a few simple words would have sufficed, and it is inconceivable that an experienced draftsman, such as manifestly prepared the instrument, would have resorted to the language employed. If its purpose was to secure that and priority of gift, a few additional words would have made that purpose clear, and their omission is difficult to explain. The language used points unmistakably to a purpose to give to the preceding legacies a priority of standing over those that followed, so that the former should, in any event, be paid without diminution by reason of the existence of the latter. This purpose is emphasized at each step of the provision. The former legacies were to be paid before any of the latter, and "to the exclusion of those hereinafter made if my estate should not be sufficient to pay all of the devises, legacies and bequests aforesaid in full." Priority is here the prevailing idea, and the reference to the possibility of an insufficiency of an estate to satisfy all the testatrix's benefactions is too significant to be ignored. The reasons actuating the testatrix to desire this priority are sufficiently apparent from the different relations which the favored legatees bore to her from those borne by the beneficiaries later named.

It is said that the volume of her estate was such that there was no occasion for her provision for such insufficiency, so that she must have had some other purpose in mind than the security of full payment of the first class of legacies in precedence over the second, but the palpable fact remains that she did provide for that

contingency, and the paragraph must be read in the light of that fact.

She provided for payment "in full" of the preceding legacies, and it is urged that this imports a payment free of tax. It is evident from the context, as we have analyzed it, that what she had in mind and intended was payment without diminution by reason of subsequent gifts. It was her manner of expressing the desired priority, further elaborated and defined by the immediately following words. Beyond this the imposition of the tax would not operate to reduce the legacies. It would only reduce the amount received in hand by the legatees. *Turner* v. *Mullineux*, 1 Johns. & Hem. 334, 335. The legacies would be paid in full in so far as the estate was concerned even if the State did impose its burdens upon them, and exact its toll before passing them over to the beneficiaries. *Matter of Estate of Swift*, 137 N. Y. 77, 87, 32 N. E. 1096; *In re Marcus* (1887), 56 L. J. Rep. (N. S.) 830, 831.

A provision in the residuary clause of the first codicil, whereby the estate given to the residuary legatees is described as that which remains "after the payment of all charges, debts and the particular bequests in my said will and this codicil thereto," is pointed out as indicating that by the use of the word "charges" it was intended that the inheritance taxes in question were to be paid from the estate as such. This argument would seem to include those levied upon the legacies contained in the twenty-fourth paragraph, as well as upon those in paragraphs preceding the twenty-third, thus bringing all the specific legacies upon a common ground in this respect. But that matter aside, it is manifest that by "charges" was meant only those against the estate, such as funeral expenses and expenses of settlement, or in other words, all those charges which, in addition to debts, would be deducted from the gross

assets in the determination of the amount for distribution to beneficiaries, upon which alone inheritance taxes are laid.

The Superior Court is advised that the executors should pay the cash legacies in question, after deducting from each the amount of inheritance tax chargeable to it under the laws of the State, and that such amounts are not payable out of the residuary estate.

No costs in this court will be taxed in favor of any of the parties.

In this opinion the other judges concurred.