AUGUSTUS P. LORING & another, executors, *vs.* GEORGE A. GARDNER & others, trustees.

Norfolk.    June 21, 1915. — September 15, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Devise and Legacy.    Power,* Execution of.    *Words,* "Legacies."

A testator by a clause of his will exercised a power of appointment, given to him by the will of his mother, to dispose of a fund of which he received the income during his life, which power was limited by the terms of his mother's will to appointments to one or more of the issue of her father and mother.    By a later clause of his will the testator provided as follows: " I wish all the legacies hereinbefore given to be paid in full to the various legatees without deduction for legacy taxes and succession dues, which taxes or dues shall be charged to the residue of my estate."    By the language used in the other portions of his will the testator showed that he recognized a distinction between a legacy and an appointment under a power and it reasonably might be concluded that he did not regard an appointment as a legacy.    *Held,* that the word "legacies" as used in the clause quoted above was not intended to include appointments, and that the succession taxes payable to the Commonwealth on the transfers made under the appointment exercising the special and limited power given to the testator by the will of his mother were payable out of the fund appointed and not out of the residue of the estate of the testator.

APPEAL from a decree of the Probate Court for the county of Norfolk made upon a bill for instructions filed by the executors of the will of Francis Skinner, late of Dedham, and instructing such executors that the inheritance taxes due to the Commonwealth on account of the transfer of the fund appointed by the testator in the eleventh clause of his will were not payable out of the residue of his estate but should be paid out of the fund so appointed.

The case came on to be heard before *Crosby,* J., who at the request of the parties reserved it for determination by the full court.

The case was submitted on briefs.

*F. R. Boyd,* for the defendants George A. and George P. Gardner.

*J. B. Warner, H. E. Warner & P. L. Stackpole,* for the residuary trustees under the will of Francis Skinner.

DE COURCY, J.    Francis Skinner, by the eleventh clause in his

will, exercised a power of appointment which was limited by the terms of the will of the donor, Eliza B. Skinner, who was the mother of the donee of the power, to one or more of the issue of her father and mother. The executors under his will have asked instructions as to whether the inheritance taxes due to the Commonwealth on account of the transfer of this fund shall be paid by them out of the residue of his estate or shall be paid out of the fund itself, — which is now held by the trustees under the will of the donor.

The trustees under the will of the donor Eliza B. Skinner admit that under the general inheritance tax law this tax ordinarily would be payable out of the trust fund itself. See St. 1909, c. 490, Part IV, § 9; and § 1, as amended by St. 1912, c. 678, § 1; *Minot* v. *Treasurer & Receiver General,* 207 Mass. 588. They contend, however, that the testator Francis placed the burden of the tax on the residuary of his estate by the thirteenth clause of his will, which reads as follows: "I wish all the legacies hereinbefore given to be paid in full to the various legatees without deduction for legacy taxes and succession dues, which taxes or dues shall be charged to the residue of my estate."

In ascertaining the testator's intention as to the scope of the word "legacies" in this clause, it is important to consider the nature of the power by the exercise of which this fund passed. The donee, Francis, did not have a right to appoint to whomsoever he pleased. He had no such absolute control of the fund as he had of the property owned by himself. It is physically, as it has been, in the hands of the trustees under the will of his mother, and not in the hands of the executors of his will. He had only a life interest in this fund; and as the donee of the power he was restricted to appointing the property to the beneficiaries designated in the instrument creating the power, namely, the issue of the father and mother of the donor Eliza B. Skinner. In short, it was not a general power of appointment but only a special and limited one. Its exercise would not be accurately described as a "legacy."

That the testator did not regard the exercise of the power over this property as a legacy, but rather intended to limit that word to the disposition of the property of which he had absolute ownership and control, seems indicated with reasonable certainty by

the language he used in other parts of the will. In the preamble he states that the will covers "all the property of which I may die seized or possessed, or over which I may have any power, or to which I may be in any way entitled at the time of my decease;" showing that he had in mind the distinction between the property which he owned and could transfer to whomsoever he chose, and that over which he had only a power of appointment. When he comes to the disposition of it, he uses words appropriate for a legacy, "I give," or "I give and bequeath," in every gift clause of his will; while in the eleventh and twelfth clauses, where he deals with the power given him by the donor, he makes use of the words "I appoint" and "I appoint and dispose of." It is reasonable to conclude from the language discriminatingly applied by him that he did not consider an appointment as a legacy. Consequently if he had intended to shift the burden of the tax in question from the trust fund, which ordinarily would bear it, to the residue of his estate, as he expressly did in the case of legacies, one would expect him to use appropriate language in the thirteenth clause to manifest that intention. As the practical effect of transferring the fund free of tax would be to increase the fund, such intent must appear clearly. See Dos Passos on Inheritance Tax Law, § 64; *Sherman* v. *Moore,* 89 Conn. 190.

The case of *Isham* v. *New York Association for the Poor,* 177 N. Y. 218, relied on by the defendants, is plainly distinguishable. There the power was a general one and the court said: "The effect of conferring a general power of appointment is to invest its donee with a power of disposition as broad as though she was disposing of her own property. In the exercise she, in fact, makes a gift, or bequest, to persons of her own selection." Further, the testatrix used the words "I give and bequeath," and it was held that she evidently supposed that she had made a gift or legacy in exercising the power.

The case at bar is somewhat close, but as a question of interpretation we are of opinion that the testator did not intend to include in the word "legacies," in the thirteenth clause of his will, the property passing under the special power of appointment. Accordingly the decree of the Probate Court should be affirmed; and it is

*So ordered.*