OLIVER PRESCOTT, executor, *vs.* ST. LUKE'S HOSPITAL OF NEW BEDFORD & others.

Bristol. February 4, 1932. — September 13, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Devise and Legacy*, Tax on successions.

A testatrix by her will, after specific bequests and pecuniary legacies and a devise of real estate, gave the residue of her estate in trust for her sister for life and provided that, upon the sister's death, certain sums were to be paid to charities and the remaining property was to be paid over and distributed as the sister should direct by her last will, and further provided that "all inheritance or legacy taxes upon any and all of the foregoing legacies shall be paid . . . out of my estate so that the legatees herein named may receive the full amount of the legacies stated in this will." The sister by her will specifically stated an intention to exercise the power thus given her, made specific bequests and pecuniary legacies and a devise of real estate, provided that "all legacy, succession or inheritance taxes imposed by law upon any of the legacies given in this will shall be paid . . . out of my Estate, so that the legatees named in this will shall receive the full amount without deduction for any such tax," and by the next clause in her will directed that the residue of the estate be divided into " eight equal parts," six of which were given to charitable corporations by statute exempt from liability for a succession tax, and the remaining two to an association not so exempt. Upon a petition by the executor of the second sister's will for instructions, it was *held*, that

(1) Each testatrix had manifested an intent in her will that, in the circumstances which had come to pass, the taxes should be taken

out of what otherwise would be the residue before the residue itself finally was ascertained;

(2) The tax upon the two-eighths share of the residue of her estate given by the second sister to the association therefore should be deducted before the net residue was ascertained;

(3) Such conclusion was the same, whether the estate appointed under the second sister's will be regarded as a legacy under the will of the first sister, or as disposition by the second sister as if the appointed estate were her own.

PETITION, filed on September 29, 1931, in the Probate Court for the county of Bristol by the executor of the will of Mary Tucker Howland, for instructions.

The petition was heard by *Hitch,* J. From a decree, described in the opinion, entered by his order, certain charitable corporations appealed.

*B. Prescott,* stated the case.

*M. R. Brownell,* for St. Luke's Hospital of New Bedford and others.

*C. N. Serpa,* for New Bedford Anti-Tuberculosis Association, submitted a brief.

*A. W. Milliken,* (*A. E. McGrath* with him,) for Abraham H. Howland, Jr. Lodge, A. F. & A. M.

RUGG, C.J. This is a petition by the executor of the will of Mary T. Howland, deceased, testate, for instructions as to his duties respecting the apportionment among residuary legatees of legacy taxes paid to the Commonwealth. The petition calls for the construction of the will of the testatrix and also of the will of her sister Alice R. Howland, who predeceased her. The latter by will made several different pecuniary benefactions, a gift of clothing, personal effects, and other chattels, devised certain real estate and gave the residue of her estate to a trustee in trust for her sister Mary for life and provided that, upon her death, certain sums were to be paid to charities and the remainder was to be paid over and distributed as her sister should direct by her last will. She then provided that "all inheritance or legacy taxes upon any and all of the foregoing legacies shall be paid . . . out of my estate so that the legatees herein named may receive the full amount of the legacies stated in this will." Mary T. Howland by the first clause of her will

expressed an intention to exercise the power of appointment conferred upon her by her sister's will, and by nineteen subsequent clauses gave many pecuniary legacies and jewelry, personal effects and chattels to relatives and friends and made a devise of real estate. The twenty-first clause directed that "all legacy, succession or inheritance taxes imposed by law upon any of the legacies given in this will shall be paid . . . out of my Estate, so that the legatees named in this will shall receive the full amount without deduction for any such tax." Then followed the residuary clause whereby the rest, residue and remainder of the estate were to be "divided into eight (8) equal parts" and six eighths were given to charitable corporations exempt by statute from legacy taxes and two eighths to a lodge of Masons, an unincorporated organization, not so exempt but subject to the legacy tax. There have been paid to the Commonwealth, in accordance with assessments duly made, legacy taxes on two eighths of the residuary estate of each testatrix, being the tax due on the legacies to the lodge of Masons, and the remainder is in the hands of the executor of the will of Mary T. Howland for final distribution among the residuary legatees. *Olney* v. *Balch*, 154 Mass. 318. The question to be decided is whether the amounts of these taxes shall be charged against each residuary estate as a whole or exclusively against the legacy due to the lodge of Masons.

The decision of the point depends not upon the interpretation of the statute concerning the taxation of legacies, but upon the intent of each testatrix as expressed in her will. The design that legacy taxes be paid out of the residue or other part of the estate must be manifested by the words of the will; otherwise such taxes are to be taken out of the legacy to each beneficiary. G. L. c. 65, § 17. If no clear testamentary direction can be found, it must be presumed that it was intended that the burden of the tax should fall where the law places it. *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471, 475.

The familiar rule for the construction of wills is to ascertain the intention of the testator from the whole instrument, attributing due weight to all its language and then to

give effect to that intention unless prevented by some rule of law. *Ware* v. *Minot,* 202 Mass. 512, 516. *Boston Safe Deposit & Trust Co.* v. *Stratton,* 259 Mass. 465, 470. Therefore each will must be examined in its entirety in an endeavor to find out the purpose disclosed. The language already quoted in its context in each will as a whole creates the impression that the design of the testatrix was that all legacies and bequests should be received by the beneficiaries free from the burden of the tax. This is especially true of the will of Alice R. Howland. She could not have known what would be the final destination of the part of her estate over which her sister was given the power of appointment. It might go all to individuals or all to charities or part to each. Her language is most comprehensive. It makes no distinction between special legatees and residuary legatees. It is contained in a clause following all the clauses disposing of property. It specifies all taxes upon any and all legacies. It would be difficult to phrase a determination more clearly. The same may be said of the words of the will of Mary T. Howland. Although the clause concerning payment of legacy taxes in the will of the latter precedes the residuary clause, it declares that all taxes upon any of the legacies shall be paid by the executor so that each legatee may receive the full amount without diminution for taxes. A gift of a legacy free of inheritance and legacy taxes means primarily that such taxes are not to be deducted from the gift but are to be paid out of the general estate. As a corollary a gift of a legacy free of inheritance and legacy taxes also means that such taxes must be paid before the residue is calculated. Using words with technical nicety a gift of the residue or a share in the residue free from legacy, succession or inheritance taxes cannot apply to the residue for such taxes must be paid out of the residue unless a special fund is set up. Testators are not held to the use of words with technical nicety provided their purpose is plain. The words of the residuary clause of the will of Mary T. Howland to the effect that the residue is to be divided into eight equal parts do not express a design to overcome the provision as to the payment of the legacy tax which stands alone and is the subject of a

clause dealing with no other subject. That provision dominates the entire instrument including the residuary clause. It was said by Chief Justice Shaw in *Quincy* v. *Rogers*, 9 Cush. 291, 297: ". . . in common parlance, as well as in a more precise use of language, a 'legacy' is distinguishable from the gift of a residue, or share in a residue." This statement was quoted with approval and given application in *White* v. *Ditson*, 140 Mass. 351, 359, and *Sias* v. *Chase*, 207 Mass. 372, 377. This statement was made in a different connection. That principle effectuated the general testamentary purpose. It seems to us not applicable to a situation like that disclosed on this record where it would tend to thwart the intent expressed by the whole instrument. There are no great difficulties in determining the amount of the tax due on the share of the lodge of Masons in the residue and deducting it from the residue before determining the net share of each residuary legatee. If there were unusual obstacles to be overcome in this particular it might throw light upon the interpretation of the whole instrument and perhaps lead to a different result. Every will must be construed so far as practicable to be workable and to accomplish a reasonable result. We think that each testatrix has manifested a main design in her will that she intended in the circumstances that have come to pass that the taxes be taken out of what would otherwise be the residue before the net residue itself is finally ascertained, and that the charities in common with the other residuary legatee bear that tax proportionally. Whether the appointed estate be regarded as a legacy under the will of Alice R. Howland, *Emmons* v. *Shaw*, 171 Mass. 410, *Minot* v. *Paine*, 230 Mass. 514, 519, 520, *Hogarth-Swann* v. *Weed*, 274 Mass. 125, 129, 130, or as disposition by Mary T. Howland as if the appointed estate were her own, *Minot* v. *Treasurer & Receiver General*, 207 Mass. 588, *Loring* v. *Gardner*, 221 Mass. 571, the result is the same.

Controversies similar in nature to the one at bar appear to have arisen more frequently in England than in this country. We are aware of no authorities at variance with the conclusion here reached. While no cases are exactly like the present, this result is in harmony with recognized

principles. *In re Kennedy,* [1917] 1 Ch. 9. *In re Wedgwood,* [1921] 1 Ch. 601. *Warbrick* v. *Varley,* 30 Beav. 241. *In re Dalrymple,* [1901] 49 Wkly. Rep. 627. *Isham* v. *New York Association for Poor,* 177 N. Y. 218.

*Decree affirmed.*