RUTH C. BEALS *vs.* JOHN E. MAGENIS, executor, & another (and two companion cases [1]).

Berkshire.    September 17, 1940. — December 30, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Devise and Legacy,* Taxation.    *Words,* "All inheritance taxes."

Upon construction of an entire will, the testator's intent, in bequeathing $100,000 and stating that the legatee was "to pay out of" that sum "all inheritance taxes, both State and Federal, which may be assessed on said bequest," was that all tax liability incurred, either by his estate in transferring the legacy or by the legatee in receiving it, was to be paid out of the legacy; and it therefore was proper to deduct from it, in addition to the Massachusetts legacy and succession tax thereon, a proportion of the Federal estate tax determined by the ratio of the legacy to the net amount of the estate upon which that tax was calculated.

THREE PETITIONS, filed in the Probate Court for the county of Berkshire on January 30, 1940, each by a pecuniary legatee under the will of Grace M. Dutcher against the executor of the will and the residuary legatee thereunder, seeking a determination of "the balance of the bequest payable to the petitioner and for an order directing" its payment with interest.

---

[1] The companion cases were brought against the same respondents by Warren W. Dutcher and Daisy G. Hammond, respectively.

The cases were heard together by *Robinson*, J., the evidence being reported.

At the end of the paragraph giving the legacy to Warren W. Dutcher was the following: "I have previously conveyed to my said nephew, Warren W. Dutcher, my home in Hopedale, Massachusetts"; and following the three paragraphs giving the legacies to the petitioners was the following: "One of my reasons I am not giving more to my said nephew, Warren W. Dutcher, and my said nieces, Daisy G. Hammond and Ruth C. Beals, is that their father left them amply provided for." In each case a decree was entered that, "it appearing to the court that it was the intent of the testatrix as expressed in her will that from said bequest should be paid both the Massachusetts legacy and succession tax assessed on said bequest and a proper proportion of the Federal estate tax allocated to this bequest, that both the Massachusetts tax on legacies and successions and the Federal estate tax are systems of inheritance taxation, that the Massachusetts tax was properly assessed, that the proportion of the Federal estate tax allocated to this bequest is just and reasonable; it is hereby adjudged and determined that said bequest has been fully paid to said petitioner and that there is no balance due from the executor." Each petitioner appealed.

*M. S. June*, (*H. R. Brigham* with him,) for the petitioners.

*J. E. Carroll*, for the respondents.

RONAN, J. These are appeals from decrees of the Probate Court of Berkshire County, adjudging that each of the bequests given to the appellants under the will of their aunt, Grace M. Dutcher, was subject to a deduction for the payment of the Massachusetts legacy and succession tax assessed upon said bequest, and to a further deduction amounting to a sum which was a just and reasonable proportion of the Federal estate tax allocated to each bequest, and that each bequest had been fully paid.

The testatrix, Grace M. Dutcher, a resident of Williamstown in this Commonwealth, died on May 30, 1938. Her will, after making bequests to certain charities, friends and employees, gave each of the appellants, her nephew and two

nieces, the sum of $100,000, the said legatee "to pay out of said sum of One Hundred Thousand Dollars ($100,000.-00) all inheritance taxes, both state and federal, which may be assessed on said bequest." The testatrix stated her reason for not making a larger gift to them and provided that the share of any legatee contesting the will should be revoked and become a part of the residue. The residuary legatee is the respondent Marchant, whom the testatrix described as one who resided with her and whom she had known for a number of years and who had shown her every consideration and kindness. Our inquiry is, what taxes did the testatrix intend should be assumed by the appellants when she provided that each should pay out of his or her legacy "all inheritance taxes, both state and federal, which may be assessed on said bequest."

The present Federal estate tax is based upon the Revenue Act of February 26, 1926, c. 27, § 301 (a), 44 U. S. Sts. at Large, 69, together with the additional tax added by the Revenue Act of June 6, 1932, c. 209, § 401, 47 U. S. Sts. at Large, 243, as amended by the Revenue Act of August 30, 1935, c. 829, § 201, 49 U. S. Sts. at Large, 1021, and appears in the Internal Revenue Code enacted by Congress on February 10, 1939, as §§ 810 and 935. See U. S. C. (1934 ed.) Sup. V, Title 26, §§ 810, 935. It is an excise tax upon the transfer of property passing from the decedent at the time of his death. The taxable event is the death of the owner of the property with its resulting transfer either by will or by law relating to intestacy. Consequently, the measure of the tax is the gross estate, less certain deductions, passing from the control and custody of the decedent. *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471. *Taylor* v. *Jones*, 242 Mass. 210. *Dexter* v. *Jackson*, 245 Mass. 333. *Bemis* v. *Converse*, 246 Mass. 131. *New York Trust Co.* v. *Eisner*, 256 U. S. 345. *Young Men's Christian Association* v. *Davis*, 264 U. S. 47. *Edwards* v. *Slocum*, 264 U. S. 61. *Helvering* v. *St. Louis Union Trust Co.* 296 U. S. 39. But our own tax upon property passing from the dead to the living is based upon the privilege of receiving the property. It is an excise tax, based upon the succession to property, and is measured

by the amount of property passing to the beneficiary. *Attorney General* v. *Stone,* 209 Mass. 186. *Saltonstall* v. *Treasurer & Receiver General,* 256 Mass. 519. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation,* 294 Mass. 551. *Leach* v. *Nichols,* 285 U. S. 165. The Federal tax is a charge against the estate but the State tax, while payable in the first instance by the executor or administrator, must ultimately be paid by the legatee or other persons who have received the decedent's property. G. L. (Ter. Ed.) c. 65, § 17. A testator may allow the burden of both the Federal and State tax to fall where the law has placed it, or he may shift the burden and provide that it shall be ultimately paid out of the shares of those who otherwise could not be required to bear any part of either tax. *Taylor* v. *Jones,* 242 Mass. 210. *Dexter* v. *Jackson,* 245 Mass. 333. *Prescott* v. *St. Luke's Hospital of New Bedford,* 280 Mass. 229. *Smith* v. *Livermore,* 298 Mass. 223, 248. *Hepburn* v. *Winthrop,* 83 Fed. (2d) 566.

The appellants do not now contend that they were not liable to pay the tax imposed by G. L. (Ter. Ed.) c. 65, § 1, as amended by St. 1933, c. 293, see St. 1938, c. 502, or that the amount of the tax was not correctly computed. They contend that the testatrix did not intend to impose upon them any portion of the Federal tax. They point out that no Federal tax was or could be assessed upon their bequests. The decision upon this question depends not upon the interpretation of the Federal statute but upon the intent of the testatrix as expressed in her will. Her intention must be ascertained from the whole instrument read in the light of the circumstances attending its execution and by attributing due weight to all its language without stressing provisions of doubtful import; the entire instrument should be studied in order to learn the general plan she adopted as an harmonious and consistent method for the disposition of her property and to give effect to that intent unless prevented by some rule of law. *Ware* v. *Minot,* 202 Mass. 512. *Sewall* v. *Elder,* 279 Mass. 473. The words she employed must be given the meaning that an examination of the entire will fairly discloses she intended them to have, even though they

might under other and different circumstances have another meaning. *Ferson* v. *Dodge*, 23 Pick. 287. *Bradlee* v. *Andrews*, 137 Mass. 50. *Anderson* v. *Bean*, 272 Mass. 432. *Bramley* v. *White*, 281 Mass. 343. *First National Bank of Boston* v. *Rothwell*, 305 Mass. 116.

Our succession tax was payable out of the bequests to the appellants and it was unnecessary for the testatrix to provide for the allocation of the payment for this tax. While the provision for the payment of this tax by the appellants was superfluous, yet it is not without significance. It served to emphasize the design of the testatrix that the burden of all death duties in reference to the amounts of these bequests should be borne by these legatees.

The appellants point out that the Federal estate tax is not an inheritance tax and that it does not come within the description of the tax with which the legacies were chargeable. Inheritance taxes might well be understood to mean death duties imposed upon the devolution of property caused by death, irrespective of the particular form that the impost might take. "Although different modes of assessing such duties prevail, and although they have different accidental names . . . nevertheless tax laws of this nature in all countries rest in their essence upon the principle that death is the generating source from which the particular taxing power takes its being and that it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested." *Knowlton* v. *Moore*, 178 U. S. 41, 56. The Federal estate tax has been referred to as an inheritance tax. *Griswold* v. *Helvering*, 290 U. S. 56, 57. *New York Trust Co.* v. *Eisner*, 263 Fed. 620, 621. We think the words "all inheritance taxes" as used in the bequests should be construed to include the Federal estate tax. *In re Randell's Estate*, 147 Misc. (N. Y.) 358. *Gaede* v. *Carroll*, 114 N. J. Eq. 524. *In re Rosing's Estate*, 337 Mo. 544. *State Tax Commission* v. *Backman*, 88 Utah, 424.

It is true that the Federal estate tax was not assessed upon these bequests, but they were included in the amount upon which this tax was computed and thereafter paid by the estate. *Reinecke* v. *Northern Trust Co.* 278 U. S. 339.

*United States* v. *Jacobs*, 306 U. S. 363. *United States Trust Co.* v. *Helvering*, 307 U. S. 57. There was evidence that prior to the execution of the will the testatrix had "knowledge of State and Federal taxes that are generated by reason of her death" but the extent of any specific knowledge which she may have possessed concerning either tax is not disclosed by the record. The words relative to the Federal tax were deliberately used for a purpose. There was nothing to show that there was any legislation contemplated or pending to change the method of assessing this Federal tax by laying the tax upon the devisees or legatees or that she was apprehensive that such an amendment would be effected. *Milliken* v. *United States*, 283 U. S. 15, 21. *United States* v. *Hudson*, 299 U. S. 498, 501.

Both the State and the Federal tax are excise taxes and neither was assessed upon the bequests. The language of the testatrix that the appellants shall pay all inheritance taxes assessed upon their bequests, although not accurate, must be reasonably construed to effectuate the manifest purpose of the testatrix that all tax liability incurred, either by her estate in transferring the property to the appellants or by them in receiving these bequests, was to be paid out of the bequests. Her estate was to be freed from such liability. She was in the main concerned with the assumption of this liability rather than the form in which the liability might be imposed. And her general intent that all such liability should be allocated to the bequests and payable therefrom ought not to be defeated by a misdescription of the basis upon which the tax was computed and collected. It is the general rule that the intent of a testator is not to be thwarted by refinements and distinctions resting upon subtlety and ingenuity or by lack of technical accuracy in the use of words or by unduly stressing the literal meaning of a few words or by attaching to them a hard and fast meaning which is not in consonance with the setting in which they were employed. *Brimmer* v. *Sohier*, 1 Cush. 118. *Williams* v. *Bradley*, 3 Allen, 270. *Little* v. *Silveira*, 204 Mass. 114. *Miller* v. *Idaho Industrial Institute*, 222 Mass. 188. *Manning* v. *Manning*, 229 Mass. 527. *Lamb*

v. *Jordan,* 233 Mass. 335. *New England Trust Co.* v. *Scheffey,* 265 Mass. 515. *Prescott* v. *St. Luke's Hospital of New Bedford,* 280 Mass. 229. *Bramley* v. *White,* 281 Mass. 343. *Old Colony Trust Co.* v. *Hale,* 302 Mass. 68.

We think the Federal estate tax was properly apportioned among the appellants by deducting from their shares that part of the tax that their bequests bore to the net amount of the estate upon which the tax was calculated. Doubtless the tax was higher than it would have been if the estate were barely sufficient to pay these bequests in full. But on the other hand, the amount deducted from each bequest may be considered the price that the estate paid for the privilege of transferring the property to the appellants. The recital in each decree "that the proportion of the Federal estate tax allocated to this bequest is just and reasonable" was not plainly wrong if considered as a finding of fact, *Boston* v. *Santosuosso, ante,* 302, and, if a mixed question of law and fact, was free from error. *United States Trust Co. of New York* v. *Sears,* 29 Fed. Sup. 643, 647, 648.

*Decrees affirmed.*