COLLINS BETHEL'S ADMR. *v.* MARY H. HAYS COLLINS' EST.

(52 A2d 886)

February Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 6, 1947.

*Lawrence & O'Brien* for the executor.

*Sennett & Sennett* and *Ryan, Smith & Carbine* for the legatee.

JEFFORDS, J.  This case has to do with the construction of the will of Mary H. Hays Collins dated June 21, 1944, which has been duly probated in the probate court for the district of Rutland.

On May 1, 1943, the testatrix executed a former will by which in paragraphs 3 to 9 inclusive seven specific legacies were granted. Paragraph 10 of the will was as follows:

"It is my will and I hereby direct that the legacies hereinbefore provided for shall be free and clear of all Federal and State Inheritance taxes of all kinds whatsoever, and that said taxes shall become and be a charge against the residue of my said estate and not against said legacies".

On June 21, 1944, the testatrix changed the will of May 1, 1943, by inserting therein a paragraph which is numbered 11 in the will in question. By this latter paragraph a specific legacy of $5,000.00 was given to Collins Bethel, an employee of the testatrix, who has since deceased.

The executor filed an application with the probate court for an order decreeing the legacy set forth in paragraph 11 of the will. A hearing was had which resulted in a decree that the legacy in question is "free from the burden of paying a proportionate share of the so called Federal Estate Tax, and said Federal Estate Tax is a charge against and to be paid out of the residue of the estate".

The executor took and was allowed an exception to the decree and also to the exclusion of certain evidence by the court.

The appellee takes the position that, in the absence of a statute of this state or testamentary provision clearly showing a contrary intention, the federal estate tax is to be borne by the residuary estate and not apportioned against specific legacies. For the purposes of this case we assume this to be the law. It is not disputed by the appellant. And see 28 Am. Jur. pages 136, 137; Ann. 142 ALR at page 1137 and cases therein cited. No pertinent statute has been cited, nor have we found any, so the question is whether the will contains any provision clearly showing the intention of the testatrix to subject the legacy to Collins Bethel to the payment of its proportionate share of the federal estate tax. The appellee says there is none. The appellant relies on the wording of paragraph 10 of the will and the fact that it precedes the paragraph giving the legacy in question in support of its claim that such intention is expressed in the will.

In our opinion the contention of the appellant must be sustained. Paragraph 10 of the will directs that the legacies *hereinbefore* provided shall be free and clear of the taxes therein

mentioned. It is certain from the language used by the testatrix in this paragraph that she intended that the taxes on the seven legacies which she had set forth in prior paragraphs in the will should be charged against the residue of the estate. These legacies are placed in a certain class. When the will was changed for the purpose of giving the legacy to Collins Bethel it is to be presumed that if the testatrix had intended to place it in that class she would have done so by a paragraph in the will preceding, instead of following, paragraph 10. But she did not do this. The testatrix placed this legacy in a different class and thereby clearly showed she intended that it should not be free from the taxes referred to in paragraph 10 and did intend it should bear its proportion of the same. The maxim inclusio unius est exclusio alterius applies here. For a case with similar facts and holding see *Fisher* v. *Brierly,* 30 Beav. 265, 54 Eng. Reprint, 891. Also see *Montclair Tr. Co.* v. *Spadone,* 139 NJ Eq 7, 49 A2d 497; *Fidelity Union Tr. Co.* v. *Suydam,* 125 NJ Eq 458, 6 A2d 392, 395.

The appellee says, in effect, that as the direction in paragraph 10 exempting the prior legacies from payment of the federal tax was unnecessary it should be disregarded as far as the question here is concerned. With this we do not agree. The direction may indeed have been superfluous, as claimed, but it is not without significance. It served to emphasize the design of the testatrix that the burden of all death duties and succession taxes relating to the seven prior legacies should be borne by the residuary estate. *Beals* v. *Magenis,* 307 Mass 547, 31 NE2d 20.

The appellee also says it is inconceivable that if the testatrix intended to make the legacy in question subject to the federal tax she would have omitted to make a direct specific statement to that effect. It is true that her intention could have been more clearly manifested in such a way as the appellee suggests. But to our minds such intention is sufficiently clear for the reasons hereinbefore stated. To attempt to say why the testatrix did not see fit to show her intention to make this legacy subject to the federal tax in a manner different from that chosen by her would lead us into the realm of speculation.

The appellee in oral argument claimed that the wording of paragraph 10 of the will could not be construed as a direction that the legacies therein referred to should be free of the federal estate

tax. Although the words used are not technically accurate in respect to that tax, the intention of the testatrix that all tax liability pertaining to these legacies should be borne by the residuary estate is clear. This being so, the lack of technical accuracy in the use of words is of no consequence. *Beals* v. *Magenis, supra.*

Our holdings in respect to the decree make it unnecessary to consider the other exception taken by the appellant.

*Decree of the probate court reversed, and cause remanded for further proceedings and decree not inconsistent with the views herein expressed. Let the appellant recover its costs in this Court. To be certified to the probate court.*