ESTATE OF ALBERT L. RICE, DECEASED, BOSTON SAFE DEPOSIT AND TRUST COMPANY, EXECUTOR UNDER WILL OF ALBERT L. RICE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1631–62. December 6, 1963.

*Paul B. Sargent*, for the petitioner.
*Lawrence A. Wright*, for the respondent.

ATKINS, *Judge:* The respondent determined a deficiency in estate tax in the amount of $2,270.57, based in part upon the reduction, by $3,331.90, of the amount of $145,134.15 claimed as the marital deduction. The only issue presented is whether the respondent erred in making such reduction. All of the facts are stipulated and are incorporated herein by this reference.

The decedent, Albert L. Rice, who was a resident of Braintree, Mass., died testate on September 2, 1959. He was survived by his wife, Martha C. Rice, and two daughters. Letters testamentary were granted on October 28, 1959, by the Norfolk County Probate Court of Dedham, Mass., to Boston Safe Deposit & Trust Co. (hereinafter referred to as the bank), as executor under the decedent's will.

By the terms of his will, which was executed on December 30, 1958, the decedent bequeathed and devised all his property, real and personal, to his wife, Martha, provided she survived him for 30 days; otherwise to his two daughters equally. The will contained no provision especially providing for the payment of estate or inheritance taxes. On December 30, 1958, the decedent also executed an amendable and revocable indenture of trust designating the bank as trustee, and transferred certain property to the trustee. The value of the trust estate at the date of the decedent's death was approximately $264,000.

The trust instrument provided that the trustee should pay over to the donor during his lifetime any income of the trust and also such amount of principal as the donor might from time to time request. It further provided that upon the death of the donor, if his wife, Martha, should survive him, the trustee should set aside as a separate trust fund, to be known as "Trust A," a sum equal to one-half of the value of the donor's "adjusted gross estate" as defined in the Internal Revenue Code of 1954, such sum to be reduced, however, by the value as finally determined for Federal estate tax purposes of all other property passing to the donor's wife under the provisions of his will or by operation of law or otherwise, and qualifying for the marital deduction. The trustee was directed to pay the entire net income from Trust A to Martha C. Rice during her lifetime, and to also pay to or for her benefit such amounts of principal as the trustee in its sole discretion might deem necessary or advisable for her comfort, maintenance, and support. It was provided that upon her death the trustee should pay the entire remaining principal of Trust A to or for such person or persons as Martha C. Rice might by her will direct and appoint, including the right in her to appoint to her own estate. It was further provided that in default of any such appointment, such remaining trust principal should be added to and consolidated with a second trust created by the same indenture and designated as "Trust B."

The trust indenture provided that the balance of the trust estate, or all thereof if the donor's wife should not survive him, should be retained by the trustee as Trust B. The trustee was directed to pay to Martha C. Rice during her life the net income from Trust B and so much of the principal thereof as the trustee might from time to time deem necessary or advisable for her comfort, maintenance, and support. It was further provided that upon the death of the survivor of the donor and his wife, the beneficiaries of the income and principal of the trust were the children and grandchildren of the donor.

The trust indenture also contains the following provisions:

ARTICLE NINTH: Notwithstanding any other provision hereof, on the death of the Donor, the Trustee may in its discretion pay to the Executor of his Will or to the Administrator of his estate such sum or sums from Trust B as such Executor or Administrator shall in writing request for the payment of legacies, debts, expenses of administration, and of legacy, succession, inheritance and estate taxes, or other death duties, or to reimburse such Executor or Administrator for the making of any such payments or may pay any of such taxes directly to the taxing authorities involved; * * *. The provisions of this article shall not, however, confer upon any person any right, either as beneficiary or otherwise, to share in this trust, or to require that any such payment be made, nor shall it impose upon the Trustee any duty to concern itself in any way with the preparation of any tax, and the determination of the Trustee as to whether to make any such payments and as to the amount of any payment made shall be final and binding upon all persons taking any interest hereunder.

    *      *      *      *      *      *      *

ARTICLE TWELFTH: This trust is created under, it is governed by, and is to be construed and administered according to the laws of the Commonwealth of Massachusetts.

Pursuant to the provisions of Article Ninth of the trust indenture, the bank, as executor, requisitioned from itself, as trustee, from Trust B (the nonmarital trust), an amount sufficient to pay the Massachusetts inheritance tax and the Federal estate tax.

An estate tax return was filed by the executor with the district director of internal revenue for the district of Massachusetts on December 2, 1960. Therein a marital deduction was claimed in the total amount of $145,134.15, composed of $122,223.02 representing the value of the property in Trust A, and $22,911.13 representing the value of other property included in the gross estate and passing to the widow. In computing the claimed marital deduction the executor did not reduce the value of any of these properties by any portion of the Massachusetts inheritance tax or the Federal estate tax paid.

In the notice of deficiency the respondent determined that, in computing the marital deduction, the property interests passing to the surviving spouse under Trust A should be reduced by the Massachusetts inheritance tax and the Federal estate tax applicable to those property interests in the amount of $3,331.90.

There are set forth in the margin pertinent provisions of section 2056 of the Internal Revenue Code of 1954.[1]  Under section 2056(a) the value of the taxable estate is determined by deducting from the value of the gross estate an amount equal to the value of any interest in property passing from the decedent to his surviving spouse.  Section 2056(b) (4) (A) provides that in determining the value of any such interest so passing for which a deduction is allowed, there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest.  Thus, the marital deduction

---

[1] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

    (1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

        (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

        (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse ;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

        (C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

\*        \*        \*        \*        \*        \*        \*

    (4) VALUATION OF INTEREST PASSING TO SURVIVING SPOUSE.—In determining for purposes of subsection (a) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section—

        (A) there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest ; \* \* \*

\*        \*        \*        \*        \*        \*        \*

    (5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

        (A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

        (B) no part of the interest so passing shall, for purposes of paragraph (1) (A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

\*        \*        \*        \*        \*        \*        \*

(c) LIMITATION ON AGGREGATE OF DEDUCTIONS.—

    (1) GENERAL RULE.—The aggregate amount of the deductions allowed under this section (computed without regard to this subsection) shall not exceed 50 percent of the value of the adjusted gross estate, as defined in paragraph (2).

is based upon the net value of the interest passing to the surviving spouse, taking into consideration the liability of such interest for the payment of, among other things, State inheritance and estate taxes and Federal estate taxes. *Thompson* v. *Wiseman*, (C.A. 10) 233 F. 2d 734, and *Estate of Newton B. T. Roney*, 33 T.C. 801, affd. (C.A. 5) 294 F. 2d 74. In determining whether the surviving spouse's interest in property is charged with such taxes, State law is governing. See *Riggs* v. *Del Drago*, 317 U.S. 95; *Estate of Rosalie Cahn Morrison*, 24 T.C. 965; *Estate of Charles Juster*, 25 T.C. 669; and *Estate of Rose Gerber Jaeger*, 27 T.C. 863.

The State of Massachusetts imposes both an estate tax (ch. 65A, sec. 1, Mass. Ann. Laws) and an inheritance tax (tax on legacies and successions under ch. 65, sec. 1, of such annotated laws). The stipulation of facts in the instant case indicates that the amount of $3,331.90, by which the respondent reduced the claimed marital deduction, was composed of Federal estate tax and Massachusetts inheritance tax, but with no breakdown as to the amount of each. The stipulation of facts thus seems to indicate that no Massachusetts estate tax was paid.

It is the petitioner's contention that, in computing the marital deduction, the value of the property passing to the decedent's spouse under the provisions of Trust A should not be reduced by any portion of the Federal estate tax or the Massachusetts inheritance tax, because, it contends, under chapter 65A, section 5, of the Annotated Laws of Massachusetts,[2] no part of such taxes is payable from the corpus of such trust property. Such statute provides that if an executor, administrator, or trustee is required to pay an estate tax under the Massachusetts statutes or under the estate tax laws of the United States, and any portion of the property with respect to which such

---

[2] Sec. 5. Equitable Apportionment of Tax Among Persons Interested in Estate.—Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, trustee or other person acting in a fiduciary capacity, has paid or may be required to pay an estate tax levied or assessed under the provisions of this chapter, or under the provisions of any estate tax law of the United States heretofore or hereafter enacted, upon the transfer of the estate of any person who at the time of his death was an inhabitant of this commonwealth, the net amount of said tax shall be apportioned among and borne by recipients and beneficiaries of the property and interests included in the gross estate in the following manner:—

\* \* \* \* \* \* \*

2. If any portion of the property with respect to which such tax is levied or assessed is held under the terms of any trust created inter-vivos \* \* \* such proportion of the net amount of the tax so levied or assessed shall, except as otherwise provided or directed by the trust instrument with respect to the fund established thereby, or by the decedent's will, be charged to and paid from the corpus of the trust property \* \* \* as the net amount of the property of such trust \* \* \* and included in the measure of such tax bears to the amount of the net estate as hereafter defined in this section. The amount so charged shall not be apportioned between temporary and remainder estates.

\* \* \* \* \* \* \*

4. The term "net estate" as used in this section shall mean the gross estate as defined by the applicable estate tax laws of the United States less the deductions, other than specific exemptions, allowed by the provisions of such laws.

taxes are levied or assessed is held under the terms of an inter vivos trust, such proportion of the net amount of such taxes shall, except as otherwise provided or directed by the trust instrument or the decedent's will, be charged to and paid from the corpus of the trust property as the net amount of the property of such trust included in the measure of such taxes bears to the amount of the net estate. The net estate is defined in such Massachusetts statute as the gross estate as defined by the estate tax laws of the United States, less the deductions allowed by the provisions of such Federal laws.

At the outset it is to be noted that section 5 of chapter 65A of the Annotated Laws of Massachusetts has reference to the apportionment of only the Federal and State estate taxes. It does not deal with the impact of the Massachusetts inheritance tax, which we shall first consider. The inheritance tax is imposed by chapter 65 of the Annotated Laws of Massachusetts, and such chapter contains no provision for apportioning the tax on a particular property to any other properties included in the decedent's estate. Section 6 thereof provides that administrators, executors, and trustees shall be liable for the inheritance tax, and section 17 thereof provides that an executor, administrator, or trustee holding property subject to the tax shall deduct the tax therefrom or collect it from the legatee or person entitled to such property. In *Ferguson* v. *Massachusetts Audubon Soc.*, 316 Mass. 436, 55 N.E. 2d 891, it was stated:

Technically, Massachusetts inheritance taxes—unlike Federal estate taxes—are imposed upon the beneficiaries and not upon the estates of the decedents whose property passes to such beneficiaries. Smith v. Livermore, 298 Mass. 223, 248, 10 N.E. 2d 117; Beals v. Magenis, 307 Mass. 547, 549, 550, 31 N.E. 2d 20. However, such taxes are required to be paid by the administrators, executors or trustees of the estates of decedents, who are required to deduct such taxes from the property passing to the beneficiaries or to collect them from the beneficiaries. G.L. (Ter. Ed.) c. 65, §§ 6, 7, 17. St. 1907, c. 563, § 4, as amended by St. 1909, c. 527, § 2. But a testator may shift the burden of such taxes from the beneficiaries by making an adequate testamentary provision for the payment of such taxes. Beals v. Magenis, 307 Mass. 547, 550, 31 N.E. 2d 20, and cases cited. * * *

While, as stated in the above case, the testator may shift the burden of the inheritance taxes, it has been held that there must be a clear intention evidenced by the testator to do so.[3] Thus, in *Prescott* v. *St. Luke's Hospital*, 280 Mass. 229, 182 N.E. 290, it was stated:

The design that legacy taxes be paid out of the residue or other part of the estate must be manifested by the words of the will; otherwise such taxes are to be taken out of the legacy to each beneficiary. G.L. c. 65, § 17. If no clear testa-

---

[3] For discussions relating to the shifting of the burden of both estate and inheritance taxes from the marital deduction property, see 1 Casner, Estate Planning 818–820 (3d ed. 1961), and Malkasian, "Apportionment of Death Taxes," 25 Boston Bar Bull. 13 (1954).

mentary direction can be found, it must be presumed that it was intended that the burden of the tax should fall where the law places it. Plunkett v. Old Colony Trust Co., 233 Mass. 471, 475, 124 N.E. 265, 7 A.L.R. 696.

And in *Loring* v. *Gardner*, 221 Mass. 571, 109 N.E. 635, it was stated:

Consequently if he had intended to shift the burden of the tax in question from the trust fund, which ordinarily would bear it, to the residue of his estate, as he expressly did in the case of legacies, one would expect him to use appropriate language in the thirteenth clause to manifest that intention. As the practical effect of transferring the fund free of tax would be to increase the fund, such intent must appear clearly. See Dos Passos on Inheritance Tax Law § 64; Sherman v. Moore, 89 Conn. 190, 93 Atl. 241.

In the instant case the decedent did not, by his will, make any specific provision with respect to the payment of the inheritance or other taxes imposed upon the Trust A property. Nor did he, in the trust indenture, direct that the inheritance tax or other taxes imposed upon the Trust A property be paid from other sources. He did provide in Article Ninth of the trust indenture that the trustee might, in its discretion, pay from funds of Trust B any estate or inheritance taxes, which would include any inheritance taxes imposed upon Trust A property, and the trustee did exercise its discretion in favor of the payment of all such taxes out of the funds of Trust B.

The petitioner contends that this exercise of discretion cannot be questioned, since it was not arbitrary, capricious, or in bad faith, citing the general rule as set forth in *Sylvester* v. *Newton*, 321 Mass. 416, 73 N.E. 2d 585. The respondent agrees that the trustee's action is not assailable, but nevertheless contends that he was correct in reducing the claimed marital deduction by the amount of both the Massachusetts inheritance tax and the Federal estate tax attributable to the Trust A property.

We think the value of the Trust A property must be reduced by the amount of the Massachusetts inheritance tax for the purpose of determining the amount of the marital deduction. Under section 2056 of the Code, the valuation of the property passing to the surviving spouse in the instant case is to be made as of the date of the death of the decedent. Section 20.2056(b)–4 of the Estate Tax Regulations [4] so provides, and such regulation is in accord with the intent of Congress in enacting section 812(e) of the Internal Revenue Code of 1939, predecessor of section 2056 of the 1954 Code. See S. Rept. No. 1013,

---

[4] The regulations provide in part: "The value, for the purpose of the marital deduction, of any deductible interest which passed from the decedent to his surviving spouse is to be determined as of the date of the decedent's death, except that if the executor elects the alternate valuation method * * *." The regulation goes on to provide that if the executor elects the alternate valuation method under sec. 2032 of the Code, the valuation is to be determined as of the date of the decedent's death, but with certain adjustments. We are not here concerned with any such adjustments, since the executor did not elect the alternate valuation method.

80th Cong., 2d Sess., p. 1225.[5]  We are concerned, therefore, with the effect, at the time of the decedent's death, which the inheritance tax had on the net value to the surviving spouse of her interest in the Trust A property.  As of that date the property of Trust A passing to the surviving spouse under the trust indenture was burdened with the inheritance tax imposed by the laws of Massachusetts.  The provisions of Article Ninth of the trust indenture were not sufficient to relieve the property, as of that date, of such burden, since such provisions did not constitute a direction of the decedent to pay the taxes from some other source.  The trustee was merely permitted, in its discretion, to pay the tax out of the funds of Trust B.  At the date of death there was no assurance that it would do so.  It might have decided to allow the property to bear the tax in accordance with the statute, in which case its action could not be questioned.  The fact that the trustee did later exercise its discretion to pay all taxes out of Trust B does not alter the fact that at the time of the decedent's death the Trust A property was burdened with the inheritance tax which reduced, to that extent, the value of the surviving spouse's interest in such property.

There remains for consideration the question whether the value of the Trust A property should be reduced, for marital deduction purposes, by any amount on account of Federal estate tax.  It is the petitioner's contention that the "Marital Trust A is itself a deduction" under the estate tax laws of the United States; that the Trust A property is, therefore, excluded from the net estate as defined in section 5, chapter 65A, of the Annotated Laws of Massachusetts (set forth in footnote 2) ; that within the contemplation of such statute the Trust A property is not to be considered as included in the measure of the Federal estate tax; and that, therefore, no portion of such estate tax is to be charged to and paid from the property passing under Trust A.

We think the petitioner is in error in this contention.  Under section 2031 of the Internal Revenue Code, the full value of the Trust A property was includable in the gross estate, and since, as we have held, the value of such property must be reduced, for marital deduction purposes, by the amount of the Massachusetts inheritance tax, it follows that the value of the Trust A property, to the extent of the amount of the inheritance tax, remained as a part of the taxable estate for Federal estate tax purposes.  We therefore think that, within the contemplation of the Massachusetts statute, the Trust A property was included to that extent in the measure of the Federal estate tax, and that under such statute, as of the date of death, such property was charged with its proper portion of such tax.

---

[5] Such report states in part: "The amount of the marital deduction is determined by the value at the date of the decedent's death of the interest in property which passes or has passed to the surviving spouse, unless the value of the gross estate is determined under the optional valuation rule * * *."

The petitioner urges, however, that under such Massachusetts statute the Trust A property would not bear any portion of the estate tax because, it contends, the decedent "otherwise provided," within the meaning of such statute, in view of the power of the trustee, in its discretion, to pay all taxes from the funds of Trust B. But here also, as in the case of the inheritance tax, we are concerned with the effect, at the date of death, of the tax on the value of the interest in property passing to the surviving spouse. And here again we must conclude that since, at the date of death, there existed merely a discretionary power in the trustee to pay the tax out of other property, the Trust A property was burdened at such time, under Massachusetts law, with its proportionate share of the estate tax. It was not until the trustee exercised its discretion and paid the taxes from Trust B that the Trust A property was relieved of the burden of its share of the Federal estate tax.

In view of the foregoing, we think that the respondent did not err in reducing the value of the Trust A property, in determining the amount of the marital deduction, by the amount of both the Federal estate tax and the Massachusetts inheritance tax.

In view of the above it is unnecessary to consider the respondent's contention that, to the extent of an amount equivalent to the estate and inheritance taxes attributable to the Trust A property, the surviving spouse's interest in such property was a terminable interest under section 2056(b) of the Code and hence was not allowable as a part of the marital deduction.

*Decision will be entered for the respondent.*