FRED M. THOMAS & another, executors, vs. SHIRLEY M. FOX.

Bristol.    October 5, 1964. — December 3, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Devise and Legacy, Taxes.    Taxation, Succession tax.*

Under a will containing specific and pecuniary legacies and directing that
"all my debts, including funeral expenses, expense of my last illness,
the expenses of the administration of my estate and all inheritance
taxes be paid by my executors . . . out of the first moneys coming into
their hands and available therefor," the Massachusetts inheritance taxes
on the legacies were payable from the residue and were not deductible
from the legacies.

PETITION filed in the Probate Court for the county of
Bristol on January 16, 1963, for the allowance of an ac-
count.

The case was heard by *Considine*, J.

*Lewis M. Stillman (William B. Perry, Jr.,* with him) for
the appellant.

*William A. Torphy,* for the appellees, submitted a brief.

WILKINS, C.J.    This appeal by the residuary legatee un-
der the will of Edson S. Cowen, late of Fairhaven, from the
allowance of the executors' first account presents objections
to items showing payment in full of specific and pecuniary
legacies without deduction for legacy taxes of this Common-
wealth.

General Laws (Ter. Ed.) c. 65, § 17, so far as pertinent
provides, "An executor, administrator or trustee holding
property subject to the tax imposed by this chapter [taxa-
tion of legacies and successions] shall deduct the tax there-
from or collect it from the legatee or person entitled to said
property; and he shall not deliver property or a specific
legacy subject to said tax until he has collected the tax
thereon." A testator by a clear provision in the will may
shift the burden of the tax from a legatee to the residue.

*Prescott* v. *St. Luke's Hosp. of New Bedford,* 280 Mass. 229, 231. *Beals* v. *Magenis,* 307 Mass. 547, 550. *Ferguson* v. *Massachusetts Audubon Soc.* 316 Mass. 436, 448.

The crucial provision of the will is: "1. I direct that all my debts, including funeral expenses, expense of my last illness, the expenses of the administration of my estate and all inheritance taxes be paid by my executors, hereinafter named, out of the first moneys coming into their hands and available therefor." By "all inheritance taxes" the testator is to be assumed to have meant both State and Federal taxes. *Buffinton* v. *Mason,* 327 Mass. 195, 199. See *Beals* v. *Magenis, supra,* 551; *Ferguson* v. *Massachusetts Audubon Soc., supra,* 444.

The precise issue is whether this provision clearly transfers the tax burden from the legatee to the residue. We are of opinion that it does.

The appellant relies upon two cases from other jurisdictions neither of which is in point. In *Sherman* v. *Moore,* 89 Conn. 190, there was no mention of taxes but a statement (p. 191) that "the foregoing devises, legacies and bequests shall be paid in full before any of the devises, legacies or bequests hereinafter made in this will are paid." In *In re Grondin's Estate,* 98 N. H. 313, which cited the *St. Luke's Hosp.* case, the preamble to the will did not refer to inheritance taxes but merely said, "After the payment of my just debts, funeral charges and expenses of administration, taxes, I dispose of my estate as follows." In each case the quoted language was held not to show an intent to shift the burden of the inheritance tax to the residue.

Two later cases, one each in Connecticut and New Hampshire, support the view we take. In *Starr* v. *Watrous,* 116 Conn. 448, 452–453, it was said: "The testatrix must be presumed to have known that, unless she directed otherwise, the succession taxes paid would be deducted from the several legacies. The presence of the provision for them in the will evinces a desire and intention that they should be satisfied in some other way, and inclusion of them in the same classification as debts, funeral expenses and ordinary

taxes can hardly be regarded otherwise than as expressing an intention that they should be paid out of the estate in the same way and from the same funds as these other charges.'' In *In re Crozier Estate,* 105 N. H. 440, the provision in the will was, ''I direct the payment of all my just debts, funeral charges, expenses of administration and inheritance taxes out of my estate as soon as practicable after my decease.'' The court, speaking through Chief Justice Kenison, held that this provision includes the State legacy and succession taxes and the Federal estate tax, and that both are a charge on the residue. The court to some extent relied upon the specific bequests, a matter which we do not feel called upon to consider in the case at bar. See *Jansen v. Richardson,* 93 N. H. 122. See to the same general effect *Gaither* v. *United States Trust Co.* 230 S. C. 568, 573; *Baylor* v. *National Bank of Commerce,* 194 Va. 1, 5–6; *Will of Cudahy* v. *First Wis. Trust Co.* 251 Wis. 116. See Annotation, 37 A. L. R. 2d 7, 122–126.

The decree is affirmed. Costs are to be in the discretion of the Probate judge.

*So ordered.*