DAVIS *v.* PRICE *et al.*

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

As Corrected on Rehearing February 10, 1950.

SPEARS, REYNOLDS, MOORE & REBMAN, of Chattanooga, for complainant.

CURRY & HARRIS, of Chattanooga, for defendants.

Mr. Justice Gailor delivered the opinion of the Court.

The bill in this case was filed to construe a part of the will of Samuel S. Price, who died in Hamilton County on November 27, 1948. The will was executed on the 17th day of July, 1943, and that part of the will which is in controversy is a legacy contained in Item 3, in words and figures as follows: "D. To my granddaughter, Sammie Lou Davis Miller, wife of Captain J. W. Miller, One Hundred (100) shares of common stock in the Samuels Stamping and Enameling Company at Chattanooga, Tennessee; and Five Hundred (500) shares of common stock in The Southern Chemical Cotton Company at Chattanooga, Tennessee."

Codicils to the will of July 17, 1943, were made and executed in 1945 and in 1948, but neither in those codicils nor in any other part of the will is there any reference to the legacy of Item "3-D" quoted above. The only other gift of shares of stock was contained in a legacy in Item "3-C", by which the testator gave to his son, "Seventy-Five Shares of common stock in the Samuels Stamping & Enameling Company at Chattanooga, Tennessee."

On October 20, 1948, after the execution of the original will and both the codicils, and a little more than a month prior to the death of the testator on November 27, 1948, the stockholders of the Southern Chemical Cotton Company approved a resolution authorizing an increase in the capital stock of the Company, and the issuance of two additional shares of common stock for each share held by each stockholder. By the complainant, it is insisted that this action of the corporation reduced that part of the legacy which had to do with the shares in the Southern Chemical Cotton Company by two-thirds. In other words,

the value of 500 shares at the time of the execution of the will, was reduced by two-thirds at the time of the death of the testator. The resolution effecting this change was passed on October 20, 1948, and the new stock delivered on or about November 1st. The testator lived until November 27, but he neither made nor attempted any change in the legacy to his granddaughter in Item ''3-D'' of his will.

The defendants demurred to the bill and the Chancellor overruled the demurrer. The defendants have appealed.

The only question presented is whether, under the language of the legacy in Item ''3-D'' quoted above, the granddaughter takes 500 shares of stock in the Southern Chemical Cotton Company as they were at the time of the death of the testator, or whether she takes 500 shares of stock as they were augmented by 1000 shares of the stock dividend or stock-split made in October 1948.

The question is answered and the case controlled by Code Section 8133, as follows: ''A will shall be construed, in reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator; and shall convey all the real estate belonging to him, or in which he had any interest at his decease, unless a contrary intention appear by its words and context.''

■ Being in derogation of common law, this Code section is to be strictly construed, *Baker* v. *Dew,* 133 Tenn. 126, 179 S. W. 645; *Bennett* v. *Hutchens,* 133 Tenn. 65, 179 S. W. 629; *Lillienkamp* v. *Rippetoe,* 133 Tenn. 57, 179 S. W. 628, L.R.A. 1916B, 881, Ann. Cas. 1917C, 901; *Nashville Trust Co.* v. *Grimes,* 179 Tenn. 567, 576, 167 S. W. 2d 994.

Exercise of the judicial function of construction is warranted or justified only when there is patent or latent ambiguity. Testator's intention must be ascertained from that which he has written in the will, and not from what some interested party supposes that he intended to do. *Nichols* v. *Todd,* 20 Tenn. App. 564, 101 S. W. 2d 486; *City of Memphis* v. *Union Planters Natl. Bank,* 30 Tenn. App. 554, 208 S. W. 2d 758. The Court's duty is to "expound", not to create. *Gannaway* v. *Tarpley,* 41 Tenn. 572. We find no ambiguity, whatever, in the clause under attack in the present will. It is an express disposition and not to be controlled by inference. *Adkisson* v. *Adkisson,* 4 Higgins, 453, 460.

The complainant, Sammie Lou Davis Miller, was bequeathed 100 shares of the common stock in the Samuels Stamping and Enameling Company, and 500 shares of common stock in the Southern Chemical Cotton Company. In the legacy immediately preceding, her uncle, Charles Gattman Price, was bequeathed 75 shares of common stock in the Samuels Stamping & Enameling Company. There is nothing in the will or any codicil to distinguish the nature of the gift of these two classes of stock, or of these two legatees. Neither the will nor its codicils makes any further or other reference to this stock or these legacies. There is no language that would justify an inference that the testator wanted to give to these two legatees fractional parts of the ownership of these two corporations, or shares of any specific monetary value.

Designation of the gifts by a specific number of shares was not such an elastic description as subjected the gifts to increase or diminution by the enlargement or shrinkage of the estate of the testator after the exe-

cution of the will. For that reason the case of *Nashville Trust Co.* v. *Grimes, supra* [179 Tenn. 567, 167 S. W. 2d 996], relied on by complainants, is not in point. The real estate involved in that case was described in the will only as "my property on the Dickerson Road". After the will was made, but before the testator died, he acquired other real property on the Dickerson Road. The description in the will would cover both that property owned by the testator when the will was made, and that which he acquired later and before his death. Section 8133 of the Code would have compelled the inclusion of the after-acquired property on the Dickerson Road, if there had been no expression of a contrary intent *in other parts of the will.* There is no such situation here.

We think that all the evidence, both extrinsic and intrinsic, supports the conclusion that the testator intended to give his granddaughter 500 shares of Southern Chemical Cotton Company stock, and no other interest in that Company. He expressly stated this to be his intention when he made his will in 1943. He coupled the gift of the stock in the Southern Chemical Cotton Company with stock in the Samuels Stamping and Enameling Company, making no distinction whatever, in the nature of the two gifts, both being simply for shares of stock. The fact that by the codicil of 1948, the testator republished his will, justifies, at least, the conclusion that at the time of the making of the codicil in 1948, he reread his will and knew what it contained. Since the stock split or stock dividend occurred in October 1948, a few months after the codicil was made, the testator must then have known that as a result of this stock split or stock dividend, the granddaughter would take

only 500 shares of stock in the Southern Chemical Cotton Company, and the testator lived for more than a month after that knowledge, without doing or saying anything, whatever, which would indicate a change from his intention of July 17, 1943, when he made the will. This Court may not speculate concerning the testator's intention, *Hastings* v. *U. S.*, 6 Cir., 133 F. 2d 218, which is to be derived from the words of the will itself. *Smith* v. *Bell*, 6 Pet. 68, 31 U.S. 68, 8 L. Ed. 322. We have examined the case of *Chase Natl. Bank* v. *Deichmiller*, 107 N.J. Eq. 379, 152 A. 697, 699, and other cases collected and considered in 172 A.L.R. 371. These cases are not in point, nor helpful here, because they are not based on a statute such as that contained in Code Section 8133, and in all those cases there were some words or facts or circumstances to justify the Court's inference that the testator had *intended* to add the stock dividend or stock split to the shares bequeathed. In the present case, as we have stated, there are no words or facts or circumstances to warrant that inference.

For the reasons stated, the decree of the Chancellor is reversed and the case remanded for entry of a decree sustaining the demurrer, and for such further proceedings as may be necessary. In view of the fact that the bill was filed by one of the executors seeking a declaration of her duties under the will, the costs, including reasonable attorney's fees for the attorneys of the executor will be paid out of the estate, and the Chancellor will determine the amount of fees so allowable on a remand.

All concur.