Miss Susie B. Moore et al., Complainants-Appellees,

*v.*

Robert I. Moore, Executor, Defendant-Appellant.

(*Nashville*, December Term, 1957.)

Opinion filed July 11, 1958.

110

JOHN J. HOOKER and E. J. WALSH, Nashville, for complainants-appellees.

WARD HUDGINS and JOHN M. BARKSDALE, Nashville, for defendant-appellant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This suit was filed by Misses Susie B. Moore, Bessie T. Moore and Sara A. Moore against Robert I. Moore, Executor of the estate of Alan Jones Moore for the purpose of requiring the defendant to proceed immediately to make monthly payments to complainants as beneficiaries under the will of said Alan Jones Moore, deceased, and to have the Court construe the will of Alan Jones Moore to determine whether complainants should be charged not only with State Inheritance taxes but also with Federal Estate taxes.

The defendant filed an answer setting out the alleged reason why the payments had not been made to said beneficiaries, alleging that the will should be construed in

substance as will hereafter appear; and insisting that the legacies to said beneficiaries should be charged with their proportionate share of the Federal Estate tax.

The cause was heard on bill and answer, the Chancellor filed a lengthy memorandum opinion in which he held against the defendant on all controverted points and hence this appeal.

It appears that the said Alan Jones Moore executed a last will and testament on the 31st day of March, 1950, in which he devised and bequeathed all of his property, real, personal and mixed, to his brother Robert Irwin Moore in fee, appointed him Executor of his will and excused him from giving bond as such.

On December 11, 1953, testator added a codicil to his will which is the subject of controversy in this case, in which he revoked said devise above mentioned and substituted the following:

"I give and bequeath to my brother, Robert Irwin Moore, in trust, the sum of Fifteen Thousand ($15,000) Dollars, in cash, net, after the payment of all expenses of administration and any charges or taxes which might be applicable, said money to be used by him, in his sole discretion, for the benefit of the Brentwood Methodist Church, Brentwood, Williamson County, Tennessee. I authorize him to either use this fund by paying the same out in whole or in part, or he may create a fund, the income only to be used for the Church program or Church uses.

"I give and bequeath to Father Flannigan's Home for Boys, Omaha, Nebraska, known as Boys' Town,

Nebraska, the sum of Five Thousand ($5,000) Dollars, in cash, same to be net.

"I give and bequeath to my three cousins, Susie Bell Moore, Bessie T. Moore and Sara A. Moore, or to those of them who are living at the date of my death, the sum of One Hundred ($100) Dollars, each per month, out of my estate, which my executor will pay over to them during their natural lifetime. Upon the death of any one of such persons after my death, said payments shall terminate and cease. My executor shall commence making said payments immediately following my death. Said bequest shall be subject to whatever Inheritance taxes as may be applicable thereto.

"I give and bequeath the silver pitcher, about 16" tall, upon which is engraved, 'Robert I. Moore, Esq.' to Frank C. Moore of Dallas, Texas.

"I give, devise and bequeath all of the rest and residue of my property, real, personal and mixed, of which I die seized and possessed, over which I may have the power of testamentary disposition at my death, and wheresoever situate, which remains after the payment of the foregoing specific bequests, to my brother, Robert Irwin Moore, absolutely and in fee simple, forever."

The Chancellor held that the bequest to the three cousins are general legacies and that the whole estate (subject, of course, to the payment of debts, funeral expenses and Inheritance taxes) is subject to the payment of the legacies to each of the three beneficiaries, the above named complainants; that the language of the will constituted the executor of a trustee to administer the trust for the benefit of these three ladies under the terms of the will; that the complainants were not liable for the

Federal Estate tax but were liable for their proper proportion of the State Inheritance tax; that the defendant should be required to place a portion of the estate funds in the hands of the Clerk & Master to secure the payment of these annuities, and he fixed the amount at $35,000, out of which is to be paid said complainants at once the accrued amounts due them beginning June 1, 1955, which was one month following the death of the testator, less the amount of State Inheritance taxes; and he then provided in the decree as follows:

"The complainants are not willing to release the estate of Alan J. Moore from its obligations to pay the annuities throughout the lives of the complainants, and the estate shall not be released, but the executor may make his accounting to the Probate Court and report that after the others set out above are complied with the remainder of the estate is turned over to Robert I. Moore, as legatee, but subject to any annuity claim that may remain after the $35,000 fund is exhausted."

The cause was retired from the docket but retained in court for any necessary future orders with reference to the handling of the funds as heretofore paid into Court and such other matters as may be necessary.

There are eight assignments of error. The first two may be treated together. The first one is that the Chancellor summarily disposed of the case after the hearing on December 3, 1957, without affording defendant an opportunity to take and file proof because the suit was not at issue until November 26 prior thereto, there was no stipulation or agreement to hear on oral proof suggested or entered of record and no pleading praying for a hearing on oral testimony or for summary disposition.

The second assignment of error is that the defendant's counsel had no notice that there would be a hearing on the question of a mandatory injunction on December 3, 1957.

■ These two assignments must be overruled because the same question was raised in a petition to rehear on which the Chancellor filed an opinion in which he completely refutes the charges in these two assignments and deprives them of all merit. There is no merit in same because the Chancellor's opinion shows that counsel had notice that the case would be set for trial on December 3, 1957, there was no suggestion by either counsel that the hearing was limited to the injunction matter, one of the two counsel for defendant was present and he stated that the absent counsel had prepared a brief which would be forwarded to the Court, which was done on December 13, the case was disposed of in a written opinion filed on December 19 after which each side submitted a supposed decree; thereafter on January 28, an appeal was prayed and granted to the Supreme Court and the same day the petition to rehear was filed when for the first time the attention of the Court was called to these alleged irregularities. These assignments are, therefore, overruled.

■ The third assignment is that the Chancellor summarily disposed of the case without treating the hearing as on bill and answer thereby holding complainants bound by the averments of facts in defendant's answer.

The hearing necessarily was on bill and answer but it is evident from a study of appellant's brief that his real complaint is that the Chancellor did not accept the statements in the answer as of any value which were to the effect that the testator intended something besides that

which appears without ambiguity from the plain terms of the will. Defendant relies upon *Gannaway v. Tarpley,* 41 Tenn. 572, and *Williams v. Williams,* 167 Tenn. 26, 65 S.W.2d 561. Those cases, however, involve an ambiguity. Where there is no ambiguity there is no warrant for construction. *Davis v. Price,* 189 Tenn. 555, 559, 226 S.W.2d 290. Even a casual examination of the above quoted will shows that it is a mandatory direction to the Executor to pay these beneficiaries $100 per month out of the estate commencing immediately and continuing for the life of each.

The fourth assignment complains of the case being disposed of without having R. I. Moore individually made a party. This will be disposed of in connection with assignments 5 and 6 following.

Assignment 5 complains of the fact that the Chancellor did not release the Executor from further obligation in the premises after the deposit of the $35,000 is made with the Clerk & Master; assignment 6 is to the effect that the Chancellor either should have held that the Executor should set aside the aggregate net amount of the commuted values of all three annuities in full satisfaction of all complainants' rights in the estate; or, in the alternative, that the true intent and meaning of the will of Alan Jones Moore, deceased, is that the defendant executor should be discharged and the estate settled, after paying the complainants the net accrued amount of their annuities at the rate of $100 per month each less their pro rata of taxes, and then distributing the rest of the estate to himself, individually, as the residuary legatee; thus, in legal effect, charging him personally for continuing to pay said annuities to each of said complainants as long as each lives.

In support of the above, appellant cites *Anderson v. Hammond,* 70 Tenn. 281; *Daly v. Daly,* 142 Tenn. 242, 254, 218 S.W. 213; *Podesta v. Podesta,* 28 Tenn.App. 282, 291, 189 S.W.2d 413.

The first of the above cases was that of a precatory trust. The testator made his wife the residuary devisee and otherwise providing for her he added that it was his will and desire that she should pay his nephew $200 a year for the purpose of educating him, a certain sum annually, commencing at a fixed date, until he came of age. *Held,* the legacy was a personal charge on the wife.

On page 287 of 70 Tenn., the opinion states:

"The charge in this case is clearly upon the widow, not upon the executrix * * *."

This is a very informative case with reference to the different ways in which legacies are made charges.

The second case above is also one of a precatory trust where the testator gave his wife all his real and personal property and then charged her with two precatory trusts.

In our opinion, however, the present situation is ruled by the Podesta case and the case of *Hutchinson v. Gilbert,* 86 Tenn. 464, 7 S.W. 126, referred to in the Podesta opinion 28 Tenn.App. on page 289, 189 S.W.2d on page 416.

In the Podesta opinion the general rule is quoted as follows:

"Where pecuniary legacies in a will are given generally, followed by a general disposition of the whole residue of the estate, both real and personal, blended as one mass or fund, it is now a general rule in most jurisdictions that the legacies are charged on the entire

residue, including the residuary real estate as well as the personalty, for the reason that in such a case the 'residue' can mean only what remains after satisfying the previous debts and legacies.''

The opinion then quotes from the *Hutchinson v. Gilbert* case to the same effect, i. e., that a general legacy under those circumstances, though payable first out of the personal property, if the same be insufficient, will also be a charge upon the real estate.

The result is that we are of the opinion that these general legacies consisting of these annuities are a charge both upon the estate of the decedent consisting of both personal and real property and are also a personal charge upon the individual Robert I. Moore. It is immaterial for the present proceedings, however, that he is not made a party individually because the parties seek no relief against him individually but only seek to hold the estate.

We, therefore, overrule assignments 4, 5 and 6.

■■ The 7th assignment of error is that the Chancellor erred in not holding that the pro rata of Federal Estate taxes attributable to the annuities is deductible from any sum payable to complainants because the will provides for deducting Inheritance taxes from the annuities, and it does not provide that Federal Estate taxes are not to be apportioned and deducted.

Appellant cites T.C.A. sec. 30-1117 with reference to apportionment of Federal taxes and also two New York Supplement cases which, along with others, are referred to in 37 A.L.R.2d 233-234, dealing with the New York Apportionment Statute, Decedent Estate Law, McKinney's Consol.Laws, c. 13, sec. 124, which is the precursor

of our Code section supra. Our statute, like the New York statute, has an exception in it as follows:

"Except that in cases where a trust is created, or other provision made whereby any person is given an interest in income, or an estate for years, or for life, or only temporary interest in any property or fund, the tax on both such temporary interest and on the remainder thereafter shall be charged against and paid out of the corpus of such property or fund without apportionment between remainders and temporary estate."

It is argued that we should accept the New York rule that this exception does not include common law annuities such as these are in the instant case.

We would be reluctant to follow the New York interpretation for several reasons. Among those reasons is that the New York rule stems from the old case of *In re Tracy,* 1904, 179 N.Y. 501, 72 N.E. 519, which arose out of the transfer of property tax act of 1896 as amended in 1899 and 1900, which was long before the original Decedent's Estate Act of 1930 containing the above language and seems to be peculiar to that forum.

Beginning the paragraph near the bottom of page 234 of 37 A.L.R.2d, the annotation states:

"The statutory basis for the foregoing New York rule is not clear. * * *"

Then it seems to us that there is no logical basis in this State for excepting these general legacies consisting of common law annuities from the above exception.

Nevertheless it is not necessary to place our decision on that view alone because, as stated by the Chancellor, the

will in this case was drawn by an attorney and the distinction between State Inheritance taxes and Federal Estate taxes is so widely known that in our opinion the express mention of Inheritance taxes indicates an intention not to include Federal Estate taxes.

We, therefore, overrule assignment 7.

■ Assignment 8 insists that the complainants are not entitled to interest as legatees because their legacies were subject to taxes and the net amount could not be ascertained until such taxes were finally assessed by the State and Federal authorities.

This was a large estate consisting of approximately $115,000 gross and after payment of expenses and taxes, consisted of approximately $97,000. In the case of *Fidelity Trust Co. v. Service Laundry Co.*, 160 Tenn. 57, on page 70, 22 S.W.2d 6, on page 10, it is said:

"(6) The will does not manifest an intention on the part of the testatrix to provide 'an immediate support' for the beneficiaries of the trust, and the general rule is that in such case, the trustee, for the beneficiaries, would be entitled to demand interest on the fund only after the lapse of one year from the death of the testatrix, if the fund was not sooner turned over to him as trustee."

In the instant case, however, it is clear that the annuities were for the immediate support because payments were to begin immediately after his death; we do not think that the Executor was justified in any event in waiting three years without making any payments, while insisting on a full release of the estate; yet we think that he was entitled to a reasonable time for the determination

of the amount of State Inheritance taxes and the question of liability, or not, of these legacies for apportionment of Federal Estate taxes; so that on consideration of the whole matter, we believe that the Chancellor's decree should be modified so as to allow interest beginning one year from his qualification as Executor on the net amount which has been found to be due and owing the beneficiaries. Pritchard on Wills, p. 281, sec. 748; *Nashville & American Trust Co. v. Baxter,* 171 Tenn. 494, 506-507, 105 S.W. 2d 108, 114 A.L.R. 451.

The decree as modified is affirmed with costs.

NEIL, CHIEF JUSTICE, not participating.