Whitebread Estate.

Argued April 19, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*James Hiscox,* for appellants.

*Nelson A. Bryan,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, May
24, 1962:

Ario Whitebread, a resident of Luzerne County,
died testate on February 14, 1960.

During his lifetime Ario Whitebread engaged in
four transactions which constitute the factual back-
ground of these appeals: (1) he purchased four U. S.
savings bonds, Series H, each of $1,000 denomination
and registered "Ario Whitebread and Regina Ur-
banick", which bonds were found after his death in a
safe deposit box registered in Whitebread's name alone,
the total value of these bonds being $3,068.80; (2) he
purchased fourteen U. S. savings bonds, Series E, regis-
tered "Ario Whitebread, P.O.D. Regina Urbanick", and
delivered them to his sister, Mrs. VanBuskirk, with in-
structions to her that said bonds be delivered to Regina
Urbanick after his death and delivery thereof was made
two days after his death, these bonds having a value of
$11,800; (3) he purchased fourteen U. S. savings bonds,
Series E, registered "Ario Whitebread and Regina Ur-
banick" and delivered them to his sister, Mrs. VanBus-

kirk, with instructions to her that said bonds be delivered to Regina Urbanick after his death and delivery thereof was made two days after his death, these bonds having a value of $10,400; (4) he opened a savings account in the Susquehanna Savings and Loan Association of Wilkes-Barre, said account being designated "Ario Whitebread in trust for Regina Urbanick", and he delivered the passbook to Regina Urbanick, the balance in said account at decedent's death being $4,361.12. Regina Urbanick was regularly employed as a housekeeper at a rectory situated across the street from Whitebread's residence but occasionally did housework in Whitebread's home and was paid, so far as known to the parties, no other compensation than the bonds and the account given her by decedent.

The Commonwealth of Pennsylvania appraised the aforesaid bonds and account as of the date of decedent's death and assessed a 15% tax thereon of $4,444.48.

Regina Urbanick refused to pay the Pennsylvania transfer inheritance tax assessed against the bonds and the savings account and contended that it was the duty of the executor of decedent's estate to pay from the residue of the estate any Pennsylvania transfer inheritance tax and U. S. Estate tax that might become lawfully due and payable on said property.

The personal representative of decedent's estate on March 9, 1961 petitioned the Orphans' Court of Luzerne County for a declaratory judgment construing paragraphs Sixth and Eighth of decedent's will. Both Regina Urbanick and the personal representative entered into a stipulation setting forth all the essential facts. On June 22, 1961, the Orphans' Court entered a decree nisi directing the personal representative of decedent's estate to pay all the estate and inheritance taxes on the bonds and the savings account out of the residue of the estate. Exceptions filed to this decree were dismissed

and a final decree entered on January 19, 1962. From that decree these appeals were taken.

These appeals involve the construction of paragraphs Sixth and Eighth of decedent's will which read as follows:

"Sixth: I give and bequeath to my housekeeper, Regina Urbanick, the sum of Two Hundred Fifty (250) Dollars, together with any bonds which may be registered jointly in her name and mine.

. . .

"Eighth: I direct that all legacies made in this, my Last Will and Testament shall be paid or transferred free from any Federal or State inheritance tax, and that all such taxes be paid out of the residue of my estate."

President Judge LOPATTO of the court below well and properly resolved the issue *so far as the bonds were concerned* in the following manner: "Paragraph Sixth gives to Regina Urbanick the sum of $250.00, '. . . together with any bonds which may be registered jointly in her name and mine'. The last portion quoted could not be testamentary because the testator had already disposed of said bonds under a contract with the United States Government. (See Horstman Estate, 398 Pa. 506 (1960)). However, the fact that it was incorporated in paragragh 'Sixth' may tend to throw some light on the intention of the testator in determining paragraph 'Eighth' of decedent's Will.

"A reading of paragraph 'Eighth' of the Will of the decedent shows that he definitely mentioned 'Federal and State Inheritance Tax'. Neither of these taxes was given their correct statutory titles, but there is no doubt that the decedent meant Pennsylvania Transfer Inheritance Tax and U. S. Estate Tax, the only taxes that could be imposed.

"It is true that the state transfer inheritance tax is ordinarily deducted from the distributive shares of

the beneficiaries of a decedent's estate. Section 16 of the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2352, expressly so provides. But, it is also well established that a testator may direct, either expressly or by necessary implication, that his testamentary gifts shall be awarded to his beneficiaries without deduction of transfer inheritance. The same theory holds true as to the U. S. Estate Tax.

"Under the facts as submitted, we feel that there is no question as to the intent and implications of the testator—it was so directed in paragraph 'Eighth' of his Will. The question is, is it broad enough to include the benefactions to Mrs. Urbanick which were non-testamentary.

"We are cognizant of the decision in Moreland Estate, 351 Pa. 623, which held that the testamentary direction in that case referred only to taxes on testamentary assets. This case involved an insurance policy upon which there was no Pennsylvania Transfer Inheritance Tax, but there was a U. S. Estate Tax—there was no mention in the exclusion clause of the extra-testamentary gifts.

"In the case before this Court, there is no mention in the exclusion clause of any extra-testamentary assets, but in the 'Sixth' paragraph of decedent's Will, wherein he bequeaths $250.00 to Mrs. Urbanick, he does add, 'together with any bonds which may be registered jointly in her name and mine'. This addition does not alter the gift of the bonds already made, but the Court feels that it does show an understanding by the testator that it might be testamentary."

We agree with the court below, from an examination of the language of decedent's will, it was decedent's intent to exonerate Regina Urbanick from the payment of any U. S. Estate tax or Pennsylvania transfer inheritance tax on the bonds transferred during his lifetime to Regina Urbanick.

We disagree, however, with the conclusion reached by the court below as to Regina Urbanick's liability for payment of taxes *on the savings account.* Paragraph Sixth refers to "bonds", not to "bonds" *and* the saving account. Reading Paragragh Eighth, either alone or in connection with Paragraph Sixth, reveals no intent on the part of decedent to exonerate Regina Urbanick from the payment of taxes on the savings account and to impose such payment on the residuary estate. In our view, absent any evidence of a contrary intent, Regina Urbanick is liable for the payment of taxes on the savings account.*

Decree, as modified, affirmed. Costs on Estate.

---

* Testator died February 14, 1960 and the savings account was transferred April 13, 1959. Presumptively, this transfer, made within one year, is deemed in contemplation of death: Act of June 20, 1919, P. L. 521, §1, as amended, 72 PS §2301.