430 F.2d 1388
 70-2 USTC P 12,711
 In re RENNIE'S ESTATE.
Addie B. TAGGART, Administratrix of the Last Will and
Testament and the Estate of Mary Isabella Rennie,
Deceased, Appellee.
v.
UNITED STATES of America, Appellant.
 No. 135-70.
 United States Court of Appeals, Tenth Circuit.
 Sept. 9, 1970, Rehearing Denied Oct. 6, 1970.
 
 Carolyn Just, Atty., Dept. of Justice, Washington, D.C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Elmer J. Kelsey, Attys., Dept. of Justice, and Richard V. Thomas, U.S. Atty., and Tosh Suyematsu, Asst. U.S. Atty., of counsel, with her on the brief), for appellant.
 Carl L. Lathrop, of Lathrop, Lathrop & Uchner, Cheyenne, Wyo. (Harry L. Harris, Evanston, Wyo., with him on the brief), for appellee.
 Before LEWIS, Chief Judge, andSETH, Circuit Judge.
 
 
 1
 This is a suit commenced in the United States District Court for the District of Wyoming to obtain a refund of federal estate taxes. The trial court entered judgment ordering a refund, and the Government has taken this appeal. See Taggart v. United States, 306 F.Supp. 430 (U.S.D.C.Wyo.).
 
 
 2
 The issue concerns the apportionment or nonapportionment of federal estate taxes between a charitable beneficiary and several individuals, and the proper computation of the federal estate taxes. More particularly the question is whether, in the computation, the share going to the charity is reduced by any part of the federal estate taxes.
 
 
 3
 The decedent, Mary Isabella Rennie, was a resident of Evanston, Wyoming, for many years. Her husband predeceased her in the 1950's. Her will, executed in 1961, provided for an equal division of her estate into two parts, one going to the Memorial Hospital of Uinta County, Wyoming, and the other to two nieces and a nephew of her husband. The only reference in the will to taxes was contained in the fifth paragraph which reads:
 
 
 4
 'I direct that each of my beneficiaries shall pay his, her, their or its individual portion of all state and federal inheritance or income taxes or levies.'
 
 
 5
 The only issue on appeal is whether the trial court was correct in finding that the quoted paragraph did not constitute a direction by the decedent that the federal estate taxes be apportioned among all the beneficiaries.
 
 
 6
 The estate paid an assessment made by the District Director of the Internal Revenue Service which was computed by using the amount of the estate going to the Memorial Hospital as reduced by a proportion of the federal estate taxes. The assessment of $199,862.25 was thus made on the theory that the will directed payment of the federal estate taxes in part out of the charitable bequest and devise. The 1954 Internal Revenue Code, section 2055(c), provides in effect that in computing the amount of charitable deductions there be deducted from charitable bequests or devises the portion of the total federal estate taxes which are payable from such bequests by reason of provisions in the will so directing, or by reason of a State statute having the same consequence. See Harrison v. Northern Trust Co., 317 U.S. 476, 63 S.Ct. 361, 87 L.Ed. 407.
 
 
 7
 The trial court held that the will contained no direction for apportionment of the federal taxes and under the Wyoming Apportionment Act, the charitable portion of the estate was not reduced by such taxes; a refund was thus ordered. The Wyoming Act is the Uniform Estate Tax Apportionment Act, (Wyo. Stats.1957 Anno. 2-336 to 345).
 
 
 8
 At the trial two witnesses testified as to facts purporting to reveal the intention of the testator. This testimony in summary was that the attorney who drew the will in 1961 was experienced; he consulted with a competent accountant; death taxes were discussed; that both were familiar with the distinctions between estate taxes and inheritance taxes, and were familiar with the Wyoming statute relating to apportionment, enacted in 1959. This testimony also showed that substantial federal estate taxes had been paid upon her husband's estate which had been probated by her attorney.
 
 
 9
 The trial court, on the basis of the evidence as to the meaning of the paragraph in issue, and by its construction of the document as a whole, thus concluded that the paragraph referred only to State inheritance taxes and federal income taxes.
 
 
 10
 As to the construction of the paragraph, the trial court said:
 
 
 11
 'In the present case there is no reference to the word, 'estate', in the Will. While it is true that the word 'federal' is set forth specifically, this word must be placed in context so that it has meaning within the entire sentence comprising the fifth paragraph of the Will. Since the State of Wyoming has no state income tax, but does have a state inheritance tax, and also since there is no such tax, per se, as a federal inheritance tax, the only construction which can be placed upon this sentence to give it meaning is to say that the testatrix intended the word 'state' to associate with 'inheritance' and the word 'federal' to associate with the words 'income taxes'. With this particular phraseology in the will and a complete absence of the term 'estate', the testatrix must have intended to exclude federal estate taxes from the apportionment as set forth in the Will.'
 
 
 12
 By this construction the trial court also met the argument that the word 'its' in the paragraph be given a meaning. The word 'levies' is not referred to in the quotation, but no particular meaning or reference can be ascribed to it in the sentence. The Government objects to the court's construction because it argues that 'state and federal' each modify the balance of the sentence,--'* * * all state and federal inheritance or income taxes or levies.' The court's construction is however one of two possible and not unreasonable alternatives.
 
 
 13
 The principal case relied on by the trial court and cited by both parties is In re Ogburn's Estate, 406 P.2d 655 (Wyo.). The Wyoming Supreme Court there thoroughly discussed an apportionment issue between individual residuary beneficiaries and individual beneficiaries of specific bequests. The will merely provided in the first paragraph: 'I direct the payment of all my just debts, taxes, funeral expenses and expense of administration of my estate.' The court found that the provision constituted a directive against apportionment of federal estate taxes which would otherwise have resulted from application of the Wyoming Uniform Estate Tax Apportionment Act under the facts there present. The court there refers to the business experience of the testatrix and her intention, citing In re Lendecke's Estate, 329 P.2d 819 (Wyo.). The case is perhaps also important here because the court there develops the distinction between estate and inheritance taxes.
 
 
 14
 There appear to be no other significant cases from Wyoming and the parties cite a number of cases from other jurisdictions. It is apparent that many cases may be found construing particular provisions of wills on this issue, and the cases may be grouped as those which make a distinction between inheritance taxes and estate taxes, and those which use the terms interchangeably. See 37 A.L.R.2d 83-85 and 18 A.L.R.2d 1218. The Government cites In re Whitebread's Estate, 407 Pa. 596, 181 A.2d 290; In re Crozier's Estate, 105 N.H. 440, 201 A.2d 895, and Thomas v. Fox, 348 Mass. 152, 202 N.E.2d 912. These cases do use the terms to apply to both the federal and State death taxes or hold that 'inheritance' taxes mean both federal estate taxes and State inheritance taxes.
 
 
 15
 The court on the other hand relied on several cases including Moore v. Moore, 204 Tenn. 108, 315 S.W.2d 526, and In re Burnett's Estate, 43 N.J.Super. 534, 129 A.2d 321. The appellee has cited other similar cases which make the distinction between estate taxes and inheritance taxes. These include In re Hoffman's Estate, 399 Pa. 96, 160 A.2d 237, and are holdings on the point.
 
 
 16
 It is sufficient to say that the construction of the paragraph was well within the authorities from other jurisdictions and within that of the Wyoming Supreme Court in In re Ogburn's Estate, 406 P.2d 655, insofar as it is applicable.
 
 
 17
 The resort to evidence outside the documents presupposed that there was an ambiguity which required explanation. The Government attorney in his opening statement at the trial said that there was no ambiguity. When the first witness testified no objection was made on this ground, although there were objections that the testimony was not relevant or material. No objection was made to the testimony of the second witness. In the Government brief on this appeal there is no real challenge to the finding or assumption of ambiguity. Thus we must consider the case on the basis that it was tried without objection on the theory that the paragraph was ambiguous. The Wyoming court in First National Bank & Trust Co. of Wyoming v. Finkbiner, 416 P.2d 224 (Wyo.), said: 'If the intention of the grantor does not readily appear from the instrument, then the language used is to be read in the light of the surrounding circumstances.'
 
 
 18
 As indicated above, the trial court made findings of fact based on the testimony and the document and so determined the intention of the decedent. It is apparent that we must accept the trial court's findings unless they are clearly erroneous, and accept on the same basis the inferences he drew from the facts. We do this although we may not have drawn the same inferences or may have reached a different conclusion. We cannot say that the findings are clearly erroneous.
 
 
 19
 Affirmed.