## AMERICAN NATIONAL BANK & TRUST COMPANY, Plaintiff–Appellee,

v.

### Roger R. AUMAN, Jr., etc., et al., Defendants–Appellants.

Court of Appeals of Tennessee, Eastern Section.

Nov. 13, 1987.

Permission to Appeal Denied by Supreme Court Feb. 29, 1988.

---

**2.** Now T.C.A. § 37–1–133.

Scott N. Brown, Jr., and Donald Mart Lasley, Brown, Dobson, Burnette & Kesler, Chattanooga, for Bonny Oaks Foundation, Inc.

David W. Norton, Asst. Co. Atty., Chattanooga, for Hamilton County, Tenn.

Fred T. Hanzelik, Hanzelik & Associates, Chattanooga, for American Nat. Bank & Trust Co., Trustee.

## OPINION

FRANKS, Judge.

In this suit for a declaration of the rights of the parties under the Will of Inez Hyder, the chancellor determined the bequest "to Bonny Oaks School in Hamilton County, Tennessee" had "lapsed because said institution no longer exists". From this determination Hamilton County and Bonny Oaks Foundation, Incorporated have appealed, asserting "they are successors in interest to the Bonny Oaks School and as such are entitled to the share left to Bonny Oaks School".

The chancellor filed an excellent memorandum opinion and we adopt portions:

Inez Holder died on November 27, 1965, leaving a will which she executed on January 12, 1959. The will established several trusts for her sister, Marjory Eloise Hyder, who died on February 9, 1985. Upon the death of Marjory Hyder, the corpus of the trusts was to be distributed to numerous charitable organizations pursuant to Item VII. of the last will and testament of Inez Hyder. Item VII.(e) of the will provides:

"the trust shall terminate at the death of my said sister, Marjory Hyder, and the corpus of the trust, with any accrued but uncollected income (but not including collected income, which shall belong to my said sister) shall be distributed free from trust to all such of the ... organizations as are given bequests in Item VI of this will subject to the following conditions ... (2) if any of such corporations, institutions or organizations shall not be in existence at the termination of the trust, no share shall go to any such corporations, institutions or organizations not then in existence."

. . . . .

The evidence establishes that the Bonny Oaks School, as an entity has existed for many years. In 1957, two years prior to execution of the will, the legislature passed Ch. 243 of the Private Acts of 1957 establishing Bonny Oaks School as a publicly funded entity to provide services to dependent and neglected children in Hamilton County, providing for the appointment of trustees to operate the school, directing Hamilton County to provide funding for the school and giving the trustees exclusive authority over the expenditure of such funds and over the property, real, personal and mixed, of the Bonny Oaks School. Said Private Act further provided:

"That the governing body of Hamilton County may abolish said School and the Board of Trustees in charge thereof, by a proper Resolution of the governing body of Hamilton County, and after the passage of said Resolution said Board of Trustees shall cease to have or exercise any authority over said School, and the properties, if any, owned by said School shall be and become a part of the general property of Hamilton County."

On May 4, 1983, the Hamilton County Board of Commissioners, the governing body of Hamilton County, passed Resolution No. 583-2 abolishing the Bonny Oaks School.... Hamilton County assumed control and ownership of the assets of Bonny Oaks School, including over 200 acres which has been converted to an industrial park. The County set aside eight (8) acres of the original property of the School and has constructed thereon two group homes which can house up to 24 dependent and neglected children. The two group homes are managed and controlled by the Family and Children's Services, a private agency under contract with the County.

A private, not for profit, corporation has been established by former members of the Board of Trustees of Bonny Oaks School and others, under the name, The Bonny Oaks Foundation. The purposes of this corporation, according to its charter, are "for religious, charitable, scientific, literary or educational purposes, or for the prevention of cruelty to children or any purpose contained in Section 501(c)(3) of the Internal Revenue Code of 1954, as amended." The Board of Directors of the Foundation has adopted a Statement of Purpose stating it is committed to "the proper treatment and the social and economic enhancement of young children and youth, particularly those wards of The Bonny Oaks School, former wards of the Bonny Oaks School and their progeny without regard to their area of residence. However, such consideration shall not be limited to these categories."

.  .  .  .  .

The Bonny Oaks Foundation was funded by the trustees of Bonny Oaks School from funds accumulated from private contributions and bequests made to Bonny Oaks School which the trustees had used to supplement basic services provided for the resident children, including cultural, recreational, social and educational benefits. The sources of said funds are detailed in the Transfer of Assets from Special Contribution Fund to the Bonny Oaks Foundation executed by the Trustees of the School on May 18, 1983. By that instrument, the Trustees said:

"Inasmuch as the County Commission has by resolution abolished the Bonny Oaks School and dissolved its Board of Trustees effective May 19, 1983, we intend by this instrument to transfer certain assets from the Special Contribution Fund ... to the Bonny Oaks Foundation."

The chancellor concluded:

In the present case the bequest was to the Bonny Oaks School which the County abolished. Regardless of who or what entities, by whatever name, now provide services formerly provided by Bonny Oaks School, it is impossible for Bonny Oaks School to receive the bequest

and ruled the share provided for Bonny Oaks School would be distributed among the other designated beneficiaries, in accordance with the will.

Bonny Oaks Foundation and Hamilton County sincerely contend Hamilton County and the Bonny Oaks Foundation, Incorporated, essentially provide the same services and benefits to the children housed in the "Bonny Oaks cottages" as the "Bonny Oaks School" provided prior to its abolition by the Hamilton County Commissioners, and assert they are "de facto successors in interest". The cases cited by appellants are not controlling and involve either the issue of the identity of a beneficiary or circumstances where a charitable organization named as a beneficiary in the will had discontinued its active functions but its identity and charitable purposes remain.

See e.g., *First American National Bank v. DeWitt,* 511 S.W.2d 698 (Tenn.App.1972); *aff'd* by Supreme Court 1974.

There is no ambiguity in the will and Inez Hyder's intent must be derived from the will. *Davis v. Price,* 189 Tenn. 555, 226 S.W.2d 290 (1949). It cannot be seriously disputed that "the institution" Mrs. Hyder knew and identified as the Bonny Oaks School was not in existence at the time the trust terminated.

■ The issue thus becomes whether the theory of "implied intention" is applicable to this will. This theory has been applied to charitable trusts on the consideration that had the testator been able to foresee the change of conditions, he would have given his consent to the diversion of the trust fund. *Henshaw et al. v. Flenniken et al.,* 183 Tenn. 232, 191 S.W.2d 541 (1945). The theory of an implied bequest was recognized by this court in *Bedford v. Bedford,* 38 Tenn.App. 370, 274 S.W.2d 528 (1954), but in discussing the theory in a later case the court said:

> A gift will not be inferred from mere silence, but must be founded on expressions in the will, and is only admitted as a means of carrying out what the testator appears on the whole to have really meant, but failed somehow to express as distinctly as he should have done. [Citations omitted.] It has been said that the probability of an intention to make the implied gift must be so strong that an intention contrary to that which is imputed to the testator cannot be supposed to have existed in his mind.

*Ross v. Stiff,* 47 Tenn.App. 355, 372–3, 338 S.W.2d 244 (1960).

The provisions of the will afford no basis to imply a gift to the Bonny Oaks Foundation, Incorporated, since the will provides for the distribution of the share to Bonny Oaks School if "not in existence".

■ Finally, appellants charge that "by reason of the plaintiff's election not to raise the existence issue with respect to other successors in interest to named charities" that plaintiff is "judicially estopped" from challenging the entitlement of these appellants. The actions of a fiduciary may not be used to thwart the intention of a testator or settlor but if the fiduciary breaches its duty to faithfully carry out the intent of the testator, its action is subject to review upon timely application by an interested party. Upon determining appellants have no interest in the estate, they are without standing to raise the issue.

We affirm the judgment of the trial court and remand at appellants' cost.

GODDARD and ANDERSON, JJ., concur.

## ADDENDUM

Appellee's motion for a frivolous appeal is overruled.