IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 13, 2017 Session

IN RE ESTATE OF JAMES HOOD NICHOLS

**Appeal from the Probate Court for Jefferson County**
**No. 2013-12-310     Dennis Roach, II, Judge**

_____

**No. E2017-00600-COA-R3-CV**

_____

This case involves an order by the trial court directing the personal representative of the Estate of James Hood Nichols (the Estate) to sell a portion of the real property of the Estate. James Hood Nichols (the deceased) died testate. He bequeathed annuities to his daughters, Connie Jane Nichols Cinder and Nan Nichols Jones (the beneficiaries). In the will, the deceased gave a $75,000 annuity to Connie Jane Nichols Cinder and a $50,000 annuity to Nan Nichols Jones. According to the final settlement filed by Richard N. Swanson and Earl Wayne Campbell (the co-executors), the net distributable probate estate is $8,712.01. The co-executors proposed to distribute that amount to the beneficiaries in proportion to the amount left to each beneficiary. The beneficiaries filed an objection to the proposed final settlement, asking the court to order the sale of a portion of the deceased's real property in order to fund the annuities. Finding that the bequests to the beneficiaries are higher priority than other bequests and devises in the will, the trial court ordered the personal representative to sell a portion of the deceased's real property sufficient to fund the annuities. The trial court also awarded the beneficiaries their attorney's fees. The co-executors appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Mark A. Cowan, Morristown, Tennessee, for the appellants, Richard N. Swanson and Earl Wayne Campbell.

Eddy R. Smith, Knoxville, Tennessee, for the appellees, Connie Jane Nichols Cinder and Nan Nichols Jones.

## OPINION

### I.

The trial court admitted the deceased's will to probate and appointed the co-executors nominated in his will. In addition to being named co-executors, Richard N. Swanson and Earl Wayne Campbell also served as co-trustees under the will. Article THIRD of the will provides the following:

> I give to my daughter Nan Jones a paid up annuity which is to be purchased by my estate. The purchase price for such annuity is to be in the amount of fifty thousand dollars ($50,000). Said annuity is to be payable to my daughter for her life time [*sic*] and shall be payable to her in equal monthly installments. This annuity shall be purchased from an insurance company as a non-assignable annuity contract without refund provisions, and the delivery of such contract to the annuitant shall release my Executor from any further liability to the annuitant.
>
> I give to my daughter Connie Nichols a paid up annuity which is to be purchased by my estate. The purchase price for such annuity is to be in the amount of seventy-five thousand dollars ($75,000). Said annuity is to be payable to my daughter for her life time [*sic*] and shall be payable to her in equal monthly installments. This annuity shall be purchased from an insurance company as a non-assignable annuity contract without refund provisions, and the delivery of such contract to the annuitant shall release my Executor from any further liability to the annuitant.

The will also contains a residuary clause. Article FIFTH of the will provides, in pertinent part, the following:

> If my wife . . . survives me, I give all the rest, residue and remainder of my property and estate, both real and personal, of whatever kind and wherever located, that I own or to which I shall be in any manner entitled at the time of my death (collectively referred to as my "residuary estate"), to my Trustees, **IN TRUST**, to hold the same in a separate trust (referred to as the "Marital Deduction Trust"), to manage, invest and reinvest the same, and to dispose of the net income therefrom and principle thereof, as follows:

(a) My Trustees shall pay the entire net income therefrom to my wife . . . for so long as she lives, in quarter-annual or more frequent intervals as determined by my Trustees in their absolute discretion.

(Capitalization and bold font in original.)

The co-executors filed a final settlement and petition to close the estate providing that the net distributable probate estate was $8,712.01. Because that amount is insufficient to fund the annuities, the co-executors proposed distributing the net estate to the beneficiaries in proportion to the amounts stated in the will: $5,227.21 (60%) to Connie Jane Nichols Cinder and $3,484.80 (40%) to Nan Nichols Jones.

The beneficiaries filed an objection to the proposed final settlement. They claim that the bequests of the annuities are of a higher priority than the other bequests or devises in the deceased's will. The beneficiaries assert that, based upon the deceased's inheritance tax return, the Estate contains assets valued in excess of $3,000,000, including real property valued at $3,196,000. The beneficiaries asked the trial court to order the sale of a portion of the deceased's real property sufficient to fund their annuities.

Article ELEVENTH of the will gives the co-executors/co-trustees all powers provided in Tenn. Code Ann. § 35-50-110. The will specifically gives the co-executors/co-trustees the power to "purchase, dispose of, or deal with any real or personal property . . . ."

Tenn. Code Ann. § 31-2-103 provides, in pertinent part, as follows:

> The real property of a testate decedent vests immediately upon death in the beneficiaries named in the will, unless the will contains a specific provision directing the real property to be administered as part of the estate subject to the control of the personal representative. . . . If the decedent's personal property is insufficient for the discharge or payment of a decedent's obligations, the personal representative may utilize the decedent's real property in accordance with title 30, chapter 2, part 4. After payment of debts and charges against the estate, the personal representative shall distribute . . . the property of a testate decedent to the distributees as prescribed in the decedent's will.

Tenn. Code Ann. § 30-2-401 provides the probate court with jurisdiction to sell a

decedent's real estate:

> The probate court shall have concurrent jurisdiction with the chancery and circuit courts to sell real estate of decedents and for the distribution or partition, and the mode of procedure in such a case in the probate court shall conform in every respect to the rules and regulations laid down for the conduct of similar causes in the chancery and circuit courts.

The trial court held that the deceased's real property should be sold to fund the annuities, finding as follows:

> [T]he Court hereby finds that the language found under Article THIRD of the will of the Testator evidences a general bequest of personal property to the [b]eneficiaries named thereunder. The Court therefore Orders that the general bequest to the beneficiaries must first be satisfied before the residuary estate may be distributed. Because the personal property of the estate is insufficient to satisfy these bequests, the Personal Representative is hereby ordered to place the real property of the Estate for sale, with the proceeds of said sale to fund annuities on behalf of the beneficiaries . . . as stated under Article THIRD. In support, the Court finds this to be the clear and unambiguous intent of the Testator, and not in violation of established law or public policy. The Court also Orders that reasonable attorney's fees shall be awarded to the [b]eneficaries . . . .

The co-executors filed a Rule 59.04 motion to alter or amend, which the trial court denied. On appeal, the beneficiaries argue that the Rule 59.04 motion was not timely filed and, therefore, this appeal is not properly before the Court. Rule 59.04 requires a motion to alter or amend to be "filed and served within thirty (30) days after entry of the judgment." Tenn. R. Civ. P. 58 provides, in pertinent part, as follows:

> Entry of a judgment or an order of final disposition is *effective* when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
>         *        *        *
>
> (3) the signature of the judge *and a certificate of the clerk* that a copy has been served on all other parties or counsel.

- 4 -

(Emphasis added.) The trial court's order signed by the judge was marked filed on July 19, 2016. The trial court, however, did not serve the order by fax until July 21, 2016. Accordingly, the judgment was not *effective* until July 21, 2016. Therefore, the co-executor's motion to alter or amend filed on August 19, 2016 was timely filed within thirty days of the effective date of the judgment. The case is properly before this Court.

The beneficiaries filed a motion for attorney's fees and costs. The trial court made findings on each of the factors set forth in Tennessee Supreme Court Rule 8, Tennessee Rule of Professional Conduct 1.5 governing attorney's fees. Finding that the attorney's fees of the beneficiaries are reasonable in light of the relevant factors, the court ordered the co-executors to pay $20,932.50 in attorney's fees.

## II.

The co-executors present the following issues as taken verbatim from their brief:

> Must the beneficiary in whom land has already vested by statute sell his land to fund an unsatisfied bequest?

> Did the trial court err in awarding [the beneficiaries' attorney] $20,932.50 from the [E]state to represent his clients?

(Paragraph numbering in original omitted.)

The beneficiaries counter with their own issues, which we have slightly changed:

> Was this appeal timely filed and is it properly before this Court?

> Did the trial court properly hold that the deceased left general bequests to the beneficiaries?

> Did the trial court properly hold that the beneficiaries' legacies are charges on the residue, including the real estate?

> Did the trial court properly order the co-executors to sell real property to pay the beneficiaries' charges against the estate?

> Did the trial court properly hold that its order comports with the deceased's clear and unambiguous intent?

> Did the co-executors waive their arguments regarding the trial court's award of attorney's fees and discretionary costs?

Did the trial court abuse its discretion in awarding attorney's fees and discretionary costs to the beneficiaries?

(Paragraph numbering in original omitted.) These issues raised by the beneficiaries, with the exception of the issue pertaining to the timeliness of this appeal, are subsumed and addressed in our analysis. Therefore, we do not talk about those issues separately.

## III.

"Construction of a statute and its application to the facts of a case are issues of law." **Patterson v. Tenn. Dept. of Labor and Workforce Development**, 60 S.W.3d 60, 62 (Tenn. 2001). "The construction of a will is [also] a question of law for the court." **McBride v. Sumrow**, 181 S.W.3d 666, 669 (Tenn. Ct. App. 2005). "The review of a question of law is de novo, with no presumption of correctness afforded to the conclusions of the court below." **State v. McKnight**, 51 S.W.3d 559, 562 (Tenn. 2001).

"The basic rule in construing a will is that the court will seek to discover the intention of the testator, and will give effect to it unless it contravenes some rule of law or public policy." **Third Nat. Bank of Nashville v. First American Nat. Bank of Nashville**, 596 S.W.2d 824, 828 (Tenn. 1980) (quoting **Bell v. Shannon**, 367 S.W.2d 761, 766 (Tenn. 1963)); *see also* **Strickley v. Carmichael**, 850 S.W.2d 127, 131 (Tenn. 1992). "That intention is to be ascertained from the particular words used, from the context and from the general scope and purpose of the instrument." **Daugherty v. Daugherty**, 784 S.W.2d 650, 653 (Tenn. 1990) (citations omitted). Furthermore, the testator's " 'intent[] is to be gathered from the scope and tenor of the whole will . . . .' " **In re Estate of Vincent**, 98 S.W.3d 146, 150 (Tenn. 2003) (quoting **Podesta v. Podesta**, 189 S.W.2d 413, 415 (Tenn. Ct. App. 1945) (citation omitted)).

## IV.

## A.

As noted in this opinion, the probate court had jurisdiction to sell a decedent's real property. Tenn. Code Ann. § 30-2-401. Tenn. Code Ann. § 31-2-103 provides that the personal representative may utilize a decedent's real property if the personal property is "insufficient for the . . . payment of the decedent's *obligations*." (Emphasis added.) That provision also directs the personal representative to distribute the property of a testator "[a]fter payment of debts and *charges* against the estate." (Emphasis added.)

In **Hutchinson v. Gilbert**, the Supreme Court provided the following rule:

> The rule of construction that a gift or bequest of a money legacy, followed by a gift *of the residue* of the real and

> personal estate, indicates an intention that the former is to be paid out of the testator's real estate, if necessary to do so after paying debts, and will be a charge upon such real estate, commends itself to us, not only on account of the high authority thereof, but because it addresses itself to our judgment, as founded upon the "rule of rules" in relation to wills, which makes the intention of the testator the corner-stone upon which all construction must rest.

7 S.W. 126, 128 (Tenn. 1888) (italics in original). This Court has stated the following: "[We] are of the opinion that . . . general legacies consisting of . . . annuities are a charge upon both the estate of the decedent consisting of both personal and real property and are also a charge upon the individual . . . ." *Moore v. Moore*, 315 S.W.2d 526, 530 (Tenn. 1958). "[W]hen the testator gives pecuniary legacies without indicating from what source the legacies are to be paid and then includes a general residuary clause disposing of both real and personal property as one mass or fund, the legacies are a charge on the entire residuary estate, including the real property." *Rick v. Middle Tenn. Med. Ctr., Inc.*, No M2000-01662-COA-R3-CV, 2003 WL 1797952, at *4-5 (Tenn. Ct. App., filed Apr. 7, 2003).

In this case, it is undisputed that the annuities left to the beneficiaries are general legacies. These gifts are followed by a gift of the residue of the decedent's combined real and personal property in trust to his wife. Based upon the above-cited cases, a general pecuniary legacy followed by a gift of a combined residuary estate acts as a charge on both the personal property and real property. Clearly, that rule applies in this case. The gifts of the annuities to the beneficiaries are charges on the residuary estate consisting of both the deceased's personal property and real property.

On appeal, the issue raised by the co-executors is whether the "beneficiary in whom land has already vested" must sell the land to fund the annuities. Based on the will, however, the land did not directly pass to any specific beneficiaries under the will. The will leaves the decedent's real property to his trustees, *in trust*. In *In re Estate of Culp*, this Court stated that "[w]hile the legislature did not define the term 'beneficiaries,' as it is used in [Tenn. Code Ann. § 31-2-103], it is our view that the term refers to the beneficiaries of the will, rather than beneficiaries of a trust established by the will." No. M2015-01412-COA-R3-CV, 2016 WL 2899122, at *2 (Tenn. Ct. App., filed May 12, 2016). In that case, we rejected an argument that the trustee lacked the authority to sell real property, but we found that real property vested immediately in the trustee who had the authority to sell the real property. *Id.* In this case, we fail to see how the trustees in whom the real property vested could sell the real property to fund the residuary trust but refuse to sell the real property to fund the annuities, which are charges on the real property.

- 7 -

The co-executors also focus on the rapid decline of the deceased's personalty prior to his death due to large nursing home bills. They argue that this decline somehow changed his intention that the beneficiaries should receive the annuities provided for in the will. The deceased's clear intention, however, was to leave annuities to the beneficiaries. His will provides that the annuities are "to be purchased by [his] estate." "The word 'estate' is now 'broadly used in Tennessee to include realty and personalty.' . . . Tennessee's courts construe it to include 'every description of property,' that is descendible." *In re Estate of Trigg*, 368 S.W.3d 483, 501 (Tenn. 2012) (bracketing and internal citations in original omitted). Furthermore, the deceased's will specifically contemplates a decline in his personalty. Article FIRST of the will provides the following: "I direct that the expenses of my last illness and funeral and expenses of the administration of my estate shall be paid from my residuary estate without apportionment." Thus, the deceased allocated the payment of the expenses of his last illness to come from his residuary estate and not from the annuities left to the beneficiaries.

As previously noted, "[t]he basic rule in construing a will is that the court will seek to discover the intent of the testator, and will give effect to it unless it contravenes some rule of law or public policy." *Third Nat. Bank in Nashville v. First Am. Bank of Nashville*, 596 S.W.2d 824, 828 (Tenn. 1980). The deceased's will leaves annuities to the beneficiaries, and that evinces the deceased's clear intention. These annuities are general legacies followed by a gift of the residue and act as charges on the deceased's real property. The probate court has jurisdiction to sell a deceased's real property. Tenn. Code Ann. § 30-2-401. The personal representative may use a decedent's real property to satisfy the obligations of the decedent when the personal property is insufficient, and the personal representative is directed to distribute the deceased's property after the payment of charges against the Estate. Tenn. Code Ann. § 31-2-103. Nothing in Tenn. Code Ann. § 31-2-103 changes the rule that a general legacy may act as a charge on a decedent's real property. Based on the foregoing, we find no rule of law or public policy that contravenes the intent of the deceased that the annuities he left to the beneficiaries be funded by his estate, which includes his real property. The trial court did not err in ordering the personal representative to sell the real property of the deceased to satisfy charges against the real property. The judgment of the trial court ordering the sale of a portion of the deceased's real property sufficient to fund the annuities left to the beneficiaries is affirmed.

## B.

The co-executors challenge the trial court's award of attorney's fees to the beneficiaries. The co-executors claim that the beneficiaries should not be awarded attorney's fees to preserve their own legacies, and if they are entitled to attorney's fees, the amount should be reduced to a reasonable amount.

The Supreme Court has stated the following with respect to a trial court's discretion to award attorney's fees:

> The trial court's determination of a reasonable attorney's fee is "a subjective judgment based on evidence and the experience of the trier of facts," and Tennessee has "no mathematical rule" for determining what a reasonable fee is. Accordingly, a determination of attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion. We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision. The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court, and we will find an abuse of discretion only if the court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party."

*Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (internal citations omitted). This Court has stated that "[d]etermining (1) whether filing suit to construe the will was necessary, (2) whether the attorney's services benefitted the estate, (3) whether the parties' attorney's fees should be paid from the estate, and (4) the amount of the attorney's fees are discretionary decisions." *In re Estate of Greenamyre*, 219 S.W.3d 877, 885 (Tenn. Ct. App. 2005).

In this case, the trial court made extensive findings on the issue of attorney's fees. The court made specific findings on each of the factors listed in Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5 governing attorney's fees. The court found that the beneficiaries' attorney's fees were reasonable given the work involved and the fact that $125,000 was at stake in an estate with assets valued in excess of $3,000,000. According to the trial court, the attorneys for the beneficiaries met every deadline and never requested an extension of time in a case that extended over two years.

The co-executors claim that the attorney's fees involved were only incurred to preserve the legacies of the beneficiaries. We disagree. This case involved a novel legal issue of the application of Tenn. Code Ann. § 31-2-103 to a court-ordered sale of a decedent's real property. This case clearly involves more than the beneficiaries' attempt to preserve their legacies. It involves an issue of statutory interpretation and the application of the statute to the facts in the case. The trial court had the discretion to determine whether the beneficiaries should be awarded attorney's fees and whether the amount of the attorney's fees is reasonable. We find no abuse of the trial court's

discretion in awarding attorney's fees to the beneficiaries.

**V.**

The judgment of the trial court is affirmed. The costs on appeal are assessed to the appellants, Richard N. Swanson and Earl Wayne Campbell. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE